21189. UNITED STATES CASUALTY CO. *et al. v.* HENSON.

DECIDED APRIL 14, 1931. REHEARING DENIED MAY 13, 1931.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiff in error.

*Shelfer & Dunaway, G. Eugene Ivey,* contra.

LUKE, J. On an appeal from an award of the Industrial Commission, denying compensation to Mrs. C. A. Henson as the widow and sole dependent of C. A. Henson, her deceased husband, the Honorable E. D. Thomas, one of the judges of the superior court of Fulton county, entered a judgment sustaining the appeal and remanding the case to the Industrial Commission, with direction to enter an award in favor of claimant, Mrs. C. A. Henson, and against Withers Foundry Company, employer, and United States Casualty Company, carrier, for the reason that, in the opinion of the court, "the record discloses and demands a finding that C. A. Henson, deceased, died of an accident which arose out of and in the course of his employment." Exceptions were taken to this judgment and specified assignments of error made.

The sole question for the consideration of this court is whether or not the evidence in the case "demanded a finding that C. A. Henson, deceased, died of an accident which arose out of and in the course of his employment." If the evidence had demanded such finding, the superior court would be warranted in taking the view that the finding of the commission was contrary to law, and, under authority of the statutory provision, in reversing and setting it aside, and in recommitting the controversy to the commission for further hearing of the proceedings in conformity with the judgment and order of the court. But, unless this court is able to say that the award of the commission was contrary to law, in that the evidence demanded such finding, the award of the commission must be permitted to stand as conclusive. *Travelers Insurance Co.* v. *Hamilton,* 35 *Ga. App.* 182 (132 S. E. 240).

The evidence is reviewed and discussed at length in the briefs filed, but in their conclusions upon the question whether the evidence establishes the single vital fact to be determined by this court counsel are diametrically opposed. It does appear that C. A. Henson became ill, or at least that an illness from which he had been previously suffering became violent while he was at his work in his usual place; and that he died within a relatively brief period of time immediately thereafter. But, from our inspection of the transcript, such testimony as was adduced to show the cause of his illness and death, especially that of a medical nature, is deemed to be of little or no value as an aid in determining the question here involved. Indeed, the evidence in relation to important facts is hopelessly conflicting, and, as a whole, is so inconclusive that we are unable to say that the interpretation placed upon it by the commissioner is in any respect unreasonable and unwarranted. It is to be observed, of course, that the commissioners who considered and reviewed the case upon appeal to the full commission concurred in the finding of the single commissioner. In these circumstances, we hold that the judge of the superior court erred in sustaining the appeal and in remanding the case with direction to enter an award as indicated in his judgment herein.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*