## 22312.   JONES v. AMERICAN MUTUAL LIABILITY INS. CO. *et al.*

DECIDED JUNE 15, 1932. REHEARING DENIED JULY 11, 1932.

*John J. McCreary,* for plaintiff.

*Harry L. Greene, McDaniel, Neely & Marshall,* for defendants.

LUKE, J.  By an award of a single commissioner of the Georgia Industrial Commission, affirmed by the full commission, Mrs. C. H. Jones was denied compensation for the alleged accidental death of her husband arising out of and in the course of his employment by Carling Tile Company, whose insurer is American Mutual Liability Insurance Company.  Upon an appeal to the superior court the judgment and award of the Industrial Commission was affirmed, and exceptions were taken.  In his argument of the case, counsel for claimant presents these specific questions:

"(1)  Does not the report of accident by the employer to the Industrial Commission make a prima facie case for the claimant?"

The report referred to shows that the employer is a manufacturer of tile, and that the employee was "attending Kilp [kiln?] and overcome with heat," and that he "died within 2 hrs."  But, even if these statements contained in the report could fairly be construed as an admission by the employer that the accident in question arose out of the employment described (which we seriously doubt), nevertheless the report can not have the effect of making a prima facie case for the claimant, since section 54 of the compensation act provides:  "These reports shall not be used as evidence against any employer in any suit at law brought by any employee for the recovery of damages, or in any proceeding under this Act."  Ga. L. 1920, 167, 196.

"(2)  Does not the death certificate giving as the cause of death 'heat exhaustion; overcome while at work,' make out a prima facie case for the claimant?"  Pertinent to this question, the commissioner made the following finding of fact, which was affirmed by the full commission, viz.:  "After a careful review of the evidence in this case, including the certificate submitted by Dr. Phillips, the attending physician during the last illness, the commissioner finds as a matter of fact that the widow claimant in this case has not sustained her claim by competent evidence showing that he was overcome by heat exhaustion while in the performance of his duties at the Carling Tile Company.  While the circumstances and the medical certificate indicate the possibility of a heat stroke, an award will not be made on evidence contained in the death certificate of a physician which states that the cause of death was due to a heat stroke while at work, unless it is supported by other

competent evidence of the fact that there was an accident which arose out of and in the course of employment. The claim of the widow claimant in this case is therefore dismissed." In reviewing this feature of the case, the full commission found that: "While this heat stroke arose in the course of the employee's employment, and while he was engaged in the usual performance of his duties, it does not appear to have arisen out of the employment, in that there is no evidence to show that by reason of his employment he was particularly exposed to this hazard." These findings, as we view the record in this case, must stand as conclusive. *U. S. Casualty Co.* v. *Henson,* 43 *Ga. App.* 198 (158 S. E. 614).

"(3). Is the claimant required to prove 'conclusively' (beyond all possible contradiction) that her husband's death was the result of an accident arising out of and in the course of his employment?" This question seems to be moot; and, since it nowhere arises upon the record before us, it need not be discussed.

"(4). Is not death 'by heat exhaustion; overcome while at work,' of a sixty-year old laborer, who had worked nine hours a day, five and one-half days a week, at firing a kiln in a tile factory, who succumbed to heat at two p. m. and died immediately or within two hours, reported by the employer to the Industrial Commission to be an accident, a compensable, accidental death under the workmen's compensation act?" The answer to this question depends upon another fact that is not embodied in the question itself. Applied to the instant case, our answer is that the finding of the commission is that, while the heat stroke, or heat exhaustion, occurred while the employee was at work, according to the evidence, it did not appear that the employee was especially exposed to the hazard of heat, and that, therefore, it was not shown that the accident was one which arose out of his employment. As we have indicated, this finding of the commission will not be disturbed.

We find no error in the judgment of the superior court affirming the award of the Industrial Commission in this case.

*Judgment affirmed.* *Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*