*J. Wightman Bowden, Brown & Brown,* for plaintiff.
*Beck, Goodrich & Beck,* for defendant.

### 25632. BURDICK *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED DECEMBER 4, 1936. REHEARING DENIED DECEMBER 17, 1936.

*Henry T. Chance Jr., Roy V. Harris,* for plaintiff.
*Bussey & Fulcher,* for defendants.

BROYLES, C. J. Dan Burdick was employed by the defendant construction company at a weekly wage of $13.50. He filed a claim with the Department of Industrial Relations. The case was heard by a single director, who made an award denying compensation. The award was approved by the full board of the Department of Industrial Relations, and that judgment was affirmed by the judge of the superior court. On the hearing the claimant testified that on July 20, 1935, he was running a hoisting engine and bursting up concrete; that he stood about five or six feet back of the motor, and the fan blew hot air into his face; that he started work that day at 7 o'clock a. m., and worked until 5:30 p. m., which was his regular quitting time; that the engine was out in the open air, and he had been operating it off and on for about two weeks; that both the sun and the motor were very hot on that day, but he did not know whether there was any higher pressure of heat on the motor than on any other day when it was running; that after quitting work that day he rode on a truck to his boarding-house and sat on the porch for a few minutes, when he began to get dizzy, and went to his room and lay down; that before this occurrence he had been in perfect health and had never left a job on account of sickness. A physician testified that he saw the claimant on July 21, the day after his seizure, and that "he was suffering from heat exhaustion, having headache and dizziness, general malaise, weakness, rapid pulse rate, lowered blood pressure, and rather marked degree of drowsiness." The doctor further testified that while it did not appear that the claimant had had a sunstroke, he (the doctor) did not know how to differentiate a sunstroke from heat exhaustion, except possibly in the intensity of the headache; that they are "about one and the same thing," and that the claimant's condition could be brought about by "any sort of heat," whether "artificial heat or sun heat." The undisputed evidence was that no other employee of the defendant company, working with the claimant on that day, had been affected; and the evidence fails to show definitely that the claimant was the only employee standing behind the motor or that he was exposed to a greater hazard than the other employees. In his award the single director states that he "finds as a matter of law, as announced by the

Court of Appeals of Georgia in *Jones* v. *American Mutual Liability Ins. Co.,* 45 *Ga. App.* 392 (165 S. E. 167), that this claim is not compensable, and compensation is refused."

In the case cited, where the claimant's husband was alleged to have died from "heat exhaustion," the director hearing the case made the following award: "After a careful review of the evidence in this case, including the [death] certificate submitted by Dr. Phillips, the attending physician during the last illness, the commissioner finds as a matter of fact that the widow claimant in this case has not sustained her claim by competent evidence showing that he [her husband] was overcome by heat exhaustion while in the performance of his duties at the Carling Tile Company. While the circumstances and the medical certificate indicate the possibility of a heat stroke, an award will not be made on evidence contained in the death certificate of a physician which states that the cause of death was due to a heat stroke while at work, unless it is supported by other competent evidence of the fact that there was an accident which arose out of and in the course of employment. The claim of the widow claimant is therefore dismissed.". In reviewing this feature of the case, the full commission held: "While this heat stroke ·arose in the course of the employee's employment, and while he was engaged in the usual performance of his duties, it does not appear to have arisen out of the employment, in that there is no evidence to show that by reason of his employment he was particularly exposed to this hazard." The award was affirmed by the judge of the superior court; and this court said: "These findings, as we view the record in this case, must stand as conclusive. *U. S. Casualty Co.* v. *Henson, 43 Ga. App.* 198 (158 S. E. 614)." In the *Jones* case, supra, counsel for the plaintiff in error, in his brief, presented this question: "Is not death by 'heat exhaustion, overcome while at work,' of a sixty-year-old laborer, who had worked nine hours a day, five and one half days a week, at firing a kiln in a tile factory, who succumbed to heat at two p. m., and died immediately or within two hours, reported by the employer to the Industrial Commission to be an accident, a compensable, accidental death under the workmen's compensation act?" This court said: "The answer to this question depends upon another fact that is not embodied in the question itself. Applied to the instant case, our answer is that

the finding of the commission is that while the heat stroke, or heat exhaustion, occurred while the employee was at work, according to the evidence, it did not appear that the employee was especially exposed to the hazard of heat, and that, therefore, it was not shown that the accident was one which arose out of his employment. As we have indicated, this finding of the commission will not be disturbed."

In *Bibb Mfg. Co.* v. *Alford*, 51 *Ga. App.* 237 (2) (179 S. E. 912), this court approved the finding of Director Stanley, to the effect "that an injury arising from a physical seizure not induced by or related to the employment is not such an accident as would afford compensation, even though it might appear that the particular *consequences* of the seizure were such as would not have resulted elsewhere than at the place of the employment." Applying the foregoing rulings to the facts of the instant case, we do not think that the claimant showed by competent evidence that his "seizure" was the result of an accident arising *out of* and in the course of his employment. We adopt as part of this opinion the following argument contained in the brief of counsel for the defendant in error: "The decision in this case, as presented to the Department of Industrial Relations, rested upon a mixed question of law and fact. The claimant sought to recover simply because he stood five or six feet back of a gasoline hoisting engine and the fan thereon blew hot air into his face. The evidence did not attempt to show that the alleged heat prostration was brought about by the heat from the machinery with which he was working or by a combination of this heat and the surrounding working conditions, peculiar to his particular employment. The evidence was not conclusive, nay, not even convincing, and certainly deficient in quality, to carry the burden of proof that an accidental injury arising out of and in the course of employment was sustained. This claimant made full time on the date of the alleged accident and did not stop work until regular quitting time, along with all other employees of the employer who had been likewise exposed, but none of whom were stricken. The attack of dizziness did not overcome the claimant until sometime shortly before 9 o'clock p. m., after he had ceased work at 5:30 o'clock p. m. and reached his home. The attending physician testified that such a condition could have been brought on by artificial heat from the

motor or natural heat from the sun. The alleged attack is not traced to any definite cause. The plaintiff in error takes exception to the fact that the single director hearing the case denied compensation as a matter of law. When a claim is made for an injury which does not arise out of and in the course of the employment, compensation should be denied as a matter of law. The director therefore, being of the opinion that the claimant had not shown sufficient facts to carry the burden of proving that the alleged injury was accidental and arose out of and in the course of his employment, followed the only course open to him and denied compensation as a matter of law." In our opinion, the judge did not err in affirming the award of the Department of Industrial Relations.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. In *Jones v. American Mutual Liability Insurance Co.*, 45 *Ga. App.* 393 (supra), the plaintiff relied for a recovery on the report by the employer of the accident, which report showed that while the employee was attending the kilns (that being the work in which he was engaged) he was overcome by heat and died in two hours. The court said that even if such statements might fairly be construed as an admission by the employer that the accident arose out of the employment, such report could not have the effect of making a prima facie case for the claimant, for section 54 of the workmen's compensation act provides that these reports shall not be used as evidence against any employer in any suit for damage, or in any proceeding under this act. The death certificate alone did not make a prima facie case for the claimant, and there was no other competent evidence in the *Jones* case showing that the accident arose out of and in the course of the employment. As a matter of law the claimant in the *Jones* case failed to make out his case by competent evidence. In the present case, competent evidence aside from the report was introduced, and the Industrial Commission was in error in saying that as a "matter of law" this case is controlled by the *Jones* case. The evidence in the *Jones* case was not competent to prove the claim. The evidence in the present case was competent, and the commission should pass on its sufficiency. The sufficiency of the evidence is for the commission, as it is for the jury in regular trials. I am

unwilling to say that there was no evidence or circumstance in this case that would have shown that the claimant was particularly or peculiarly exposed to the heat from the engine. A finding to that effect would have been supported by some evidence, and would not have been disturbed. The testimony of the claimant and the doctor was competent, and such a finding would have rested on competent testimony.