30244, 30245. FIDELITY & CASUALTY COMPANY *et al. v.* ADAMS; *et vice versa.*

DECIDED NOVEMBER 16, 1943. REHEARING DENIED DECEMBER 9, 1943.

298

Lee Hutcheson, J. J. Harris, John M. Slaton, James J. Slaton, for plaintiffs in error. Miller & Miller, contra.

FELTON, J. If decisions by this court hold to the contrary, including *Burdick* v. *U. S. F. & G. Co.*, 54 *Ga. App.* 868 (188 S. E. 923) ; *Jones* v. *American Mutual Liability Insurance Co.*, 45 *Ga. App.* 392 (165 S. E. 167) ; and *U. S. Casualty Co.* v. *Henson*, 43 *Ga. App.* 198 (158 S. E. 614), we are controlled by the principles announced, and the reasoning followed in the cases of *Lumbermen's Mutual Casualty Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d, 84), and *Hardware Mutual Casualty Co.* v. *Sprayberry*, 195 *Ga.* 393 (24 S. E. 2d, 315). We do not think it can be questioned that physical exertion contributes to a heat stroke or exhaustion suffered while one is engaged in physical effort or immediately following. If the employment of the employee contributes to the injury it is an accident under our compensation law and is compensable, it matters not what combined with the employment to produce it. Where the work of an employee contributes to an injury it is accidental, if not coming under one or more of those exceptions named in our statutes, even if the work done is usual and done in the customary manner (*Hardware Mutual Casualty Co.* v. *Sprayberry*, supra), or whether the work attempted is too great for the man undertaking the work, whatever the degree of exertion, or the condition of health. *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (2) (21 S. E. 2d, 478). If an employee's physical weakness combines with physical exertion to cause an injury and is considered an accident under our compensation law, an injury produced by the heat of the sun plus the physical exertion of an employee is likewise an accident under the law. In the latter case the injury could not be said to be caused solely by an act of God any more than it could be said to be caused solely by the employee's physical weakness or infirmity in the former case. Under the cases cited above it does not matter that other employees, under identical circumstances, do not suffer a like injury. For similar conclusions in heat-stroke

cases see Baltimore & Ohio R. Co. v. Clark, 59 Fed. 2d, 595, and Ætna Life Insurance Co. v. Hoage, 63 Fed. 2d, 818, and cit.

The court did not err in basing the award on the regular weekly wage being earned at the time of the injury. See *Bituminous Casualty Corporation* v. *Sapp,* 69 *Ga. App.* 669 (26 S. E. 2d, 726).

*Judgment affirmed on the main and cross-bills of exceptions. Stephens, P. J., and Sutton, J., concur.*