31751. STANDARD ACCIDENT INSURANCE COMPANY *et al. v.* HANDSPIKE.

DECIDED OCTOBER 9, 1947. REHEARING DENIED OCTOBER 30, 1947.

68

*Neely, Marshall & Greene, A. C. Latimer, Edgar A. Neely Jr.* for plaintiffs in error.

*T. Elton Drake,* contra.

GARDNER, J.   Counsel for the insurance carrier argue the case under several questions, but this court is of the opinion that the question for this court to determine resolves itself into only one point, that is, whether or not the evidence supported the award.

It is our opinion that the evidence was amply sufficient to support the award, under authority of *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d, 84); *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d, 478); *Fidelity & Casualty Co.* v. *Adams,* 70 *Ga. App.* 297 (28 S. E. 2d, 79), and under authority of these decisions and many others, we so decide.   Nor do we feel that this ruling is inconsistent with any decision cited by the counsel for the insurance carrier, nor with any decision which has been rendered by the appellate courts.

Since there was other competent evidence to establish the death of the deceased, we deem it unnecessary to determine the question of the probative value of the death certificate.

Counsel for the carrier argue that the director did not include the findings of fact in compliance with *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (119 S. E. 39).   We conclude that the award covers facts sufficient to deter a reversal on this ground.

And in conclusion, we add that this court is, by statute, dedicated to support the award of the State Board of Workmen's Compensation if there is any evidence to support such finding. An award made by a single director, affirmed by the full board, is conclusive as to those issues of fact, if there is any evidence to sustain it.   See the many annotations under § 114-708 (Ann. Supp.)   See also *Hartford Accident & Indemnity Co.* v. *Davis,* 73 *Ga. App.* 10 (35 S. E. 2d, 521); *Hartford Accident & Indemnity Co.* v. *Hillhouse,* 73 *Ga. App.* 122 (35 S. E. 2d, 603); *American Mutual Liability Insurance Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d, 295).   In *United States Casualty Co.* v. *Richardson,* 75 *Ga. App.* 496 (43 S. E. 2d, 793).   The court said:   "An epileptoid condition is on the same footing as arteriosclerosis and the like.   Where the evidence shows that excessive exertion peculiar to the employment and peculiar to the employee, brought about an epileptic attack resulting in injury to an employee, the award will be considered to be founded on

sufficient competent testimony." And in headnote 2: "Where an employee is afflicted with an epileptoid condition and is seized with an epileptic attack while in the course of his employment, which attack causes him . . injury . . such is, within the meaning of the Workmen's Compensation Act, a compensable accident arising out of and in the course of the employment. This is true regardless of whether or not the epileptic attack was precipitated or induced by excessive exertion peculiar to the ailment of the employee." Dr. Collinsworth's testimony puts the case at bar within the classification of arteriosclerosis, hence the ruling above quoted in the *United States Casualty Company* case would hold in the present case, as to the connection between the work and the death of the deceased, and further, this court there reviewed many rulings of the appellate courts in the *United States Casualty Company* case, particularly as to causative factors involved in connecting injuries and/or deaths due to occupations.

We conclude, therefore (a) that the death of the deceased was the result of an accident and injury which arose out of and in the course of his employment; and (b) that there are sufficient facts in the record to support the award.

The superior court did not err in affirming the award of the State Board of Workmen's Compensation for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J. and Townsend, J., concur.*