### 32028. TRAVELERS INSURANCE COMPANY *v.* YOUNG.

PARKER, J. Where the undisputed evidence showed that the husband of the claimant, a forest ranger, was called on February 10, 1947, to fight a forest fire on property of the employer; that he rode a distance of about two miles in a truck to the scene of the fire and began fighting the fire by beating the burning brush and grass with a pine top weighing between 15 and 20 pounds; that he fought the fire in this manner in company with another employee for a very few minutes, and having extinguished the fire at that particular place and also at one other place, walked across the burned off area to another portion of the fire and there resumed fighting the fire; that he worked at this point some 10 or 15 minutes; that he was either standing back watching the fire or was actively engaged in fighting it when he collapsed and died; that on that particular day the weather was cool; that there was water in the swamps and the fire was a small one by comparison unattended by any unusual excitement; that fighting forest fires is strenuous work, even when they are small; that one gets pretty hot fighting such fires even in cool weather; that there was no history of pre-existing disease in the deceased; and that the doctor called to him diagnosed, without the aid of an autopsy, that the cause of death was heart failure or coronary thrombosis, a finding was demanded that the death resulted, in part at least, from an accidental injury arising out of and in the course of the employment, and that the claimant was entitled to compensation therefor. *Brown v. Lumbermen's Mutual Casualty Co.*, 49 *Ga. App.* 99 (174 S. E. 359); *Williams v. Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d, 478); *Fidelity & Casualty Co. v. Adams*, 70 *Ga. App.* 297 (28 S. E. 2d, 79); *Lumbermen's Mutual Casualty Co. v. Griggs*, 190 *Ga.* 277, 288,

289 (9 S. E. 2d, 84). It follows that the trial court did not err in sustaining the appeal and in setting aside the award denying compensation.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

Decided July 8, 1948. Rehearing denied July 23, 1948.

*Neely, Marshall & Greene, W. Neal Baird, Edgar A. Neely Jr.,* for plaintiff in error.

*Langdale, Smith & Tillman,* contra.