32961. LUMBERMEN'S MUTUAL CASUALTY CO. *et al.*
*v.* BRIDGES.

DECIDED APRIL 7, 1950.

*Neely, Marshall & Greene, Erwin, Nix, Birchmore & Epting,* for plaintiffs in error.

*Riordan & Taylor,* contra.

FELTON, J. The court did not err in affirming the award granting compensation. The board was authorized to find from the evidence that the employee's death resulted from a diseased heart condition accentuated by physical exercise a short time before his death. The evidence was sufficient to meet the test of moral and reasonable certainty. The circumstances surrounding the death authorized à finding that the death of the employee occurred in less than five minutes from the time he got into the jeep. The fact of a sudden death authorized the finding that it was due to heart disease, in the absence of any other proven fact tending in any degree to show that the death was due to other causes. The finding was authorized that if deceased had such an advanced stage of heart disease as to cause almost instant death the amount of physical exertion shown by the evidence was a contributing factor and tended to hasten death. It is contended by the employer and insurance carrier that the evidence did not show that the deceased had heart disease and that the hypothetical question answered by Dr. Blackford containing that assumption had no probative value. The facts of the case authorized the inferences that the employee had heart disease and the physical effort contributed to his death.

We think that these inferences are collateral, virtually only one inference, and that the problem of basing one inference on another is not involved. But if it is true that the inference that the exertion contributed to the death is an inference based on the inference that the employee died of heart disease, neither inference is too remote and complies with the test of validity, having as a basis the connection of cause and effect and the observations of human experience. It is true that this court, speaking through Judge Powell, in *Georgia Ry. & Elec. Co.* v. *Harris*, 1 *Ga. App.* 714 (57 S. E. 1076), said that an inference resting only upon an inference is not permissible. However, Judge Powell took care of this statement, in his own inimitable way, in *Lee* v. *State*, 8 *Ga. App.* 413 (69 S. E. 310), where the court in effect stated that the statement in the *Harris* case was an application of the law of circumstantial evidence rather than the announcement of a general rule on the subject. "Inferences may be based on facts whose determination is the result of other inferences, so long as the first inference is based on such evidence as to be regarded as a proved fact and the conclusion reached is not too remote". 31 C. J. S. 730, § 116; 95 A.L.R. 182; 20 Am. Jur. 169, § 165; 1 Wigmore on Evidence, § 41. In principle, this conclusion is supported by many cases of the Supreme Court and this court, among which are: *Travelers Insurance Co.* v. *Young*, 77 *Ga. App.* 512 (48 S. E. 2d, 748), and cases cited; *United States Casualty Co.* v. *Richardson*, 75 *Ga. App.* 496 (43 S. E. 2d, 793); *Standard Accident Ins. Co.* v. *Handspike*, 76 *Ga. App.* 67 (44 S. E. 2d, 704).

The court did not err in affirming the board's award of compensation.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*