32905. LUMBERMEN'S MUTUAL CASUALTY COMPANY
*et al. v.* KITCHENS.

*Bennett, Pedrick & Bennett,* for plaintiffs in error.

*R. A. Moore,* contra.

Worrill, J. Mrs. Pauline Kitchens applied to the State Board of Workmen's Compensation for a hearing to determine the liability of the Ledbetter Lumber Company and Lumbermen's Mutual Casualty Company, its insurer, to pay her compensation on account of the death of her husband. On the hearing the single director awarded her compensation, the employer and insurance carrier appealed to the full board which affirmed the award, and upon their appeal to the superior court that award was affirmed. The defendants excepted.

The evidence briefly stated, was: that the claimant's husband was employed by the lumber company handling lumber, and had been so employed for a little over a year; that about a month or six weeks prior to his death the employee had a seizure or heart attack which had caused him suddenly to fall while walking along the street, and the doctor who was called to attend him on that occasion and who subsequently saw him after his death, examined him and found that his condition at that time was bad, that "he had a cardiac-hypertrophy or enlargement of the heart, and he had diseased valve —mitral valve of the heart was diseased," and the doctor testified that he prescribed medicine for the deceased and cautioned him about his heart. Along about that time the deceased asked to be taken off the work he had been doing and put on work which he considered lighter, and this was done, though one witness testified that he considered the work asked for and to which he was assigned to be heavier. On July 20, 1948, while the deceased was actually working at his job handling one by fours, from 6 to 8 feet long and weighing 20 pounds and less each, taking them from a conveyor and stacking them in a bin, he dropped dead. There was evidence that the weather was hot and that the work was hard.

The doctor examined the deceased, declared him dead, observed that large portions of his skin had turned a dark bluish-black or purple color, and prepared a death certificate stating as the primary cause of death "Myocarditis." In his testimony before the director the doctor testified that a man suffering from myocarditis at the age of the deceased (56 years) and working on a hot July day transferring lumber and putting it in a bin would put more work on his heart and tend to aggravate the condition.

While the defendants appealed to the superior court on the grounds that the awards were contrary to law, that the facts found by the director do not support the order or decree in that they do not authorize a finding that the death resulted from an accident arising out of and in the course of the employment, and that there was not sufficient competent evidence to warrant the full board or the director making the awards complained of, and assign error in this court on the ground that the judge of the superior court erred in not reversing the award on each and every ground complained of, the defendants simply argue in their brief before this court that the evidence did not authorize the finding in that it did not show that the employment was a contributing cause of the death.

It is well settled in Georgia that in the absence of fraud, an award by the State Board of Workmen's Compensation affirming upon review an award by a director thereof will not be disturbed by the superior court upon appeal, where there is any evidence to support the same. *Hartford Accident & Indemnity Co.* v. *Davis*, 73 *Ga. App.* 10 (1) (35 S. E. 2d, 521).

We think that the facts of this case bring it within the principles announced in *Lumbermen's Mutual Casualty Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d, 84), *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d, 478), and *Fidelity & Casualty Co.* v. *Adams*, 70 *Ga. App.* 297 (28 S. E. 2d, 79), and that if any distinction exists between those cases and this case it simply is in the degree of exertion that was necessary to cause the injuries. In the *Williams* case it was said that "An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health."

Under these principles of law and in view of the evidence we cannot say, as a matter of law, that the board was not authorized to find that the work being done by the employee contributed to his death, and that the award of compensation was not authorized under the testimony set forth above. For these reasons the judge of the superior court did not err in affirming the award of the full board.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*