## 33065. PACIFIC EMPLOYERS INS. CO. *et al v.* DONALDSON *et al.*

DECIDED MAY 19, 1950.

*Smith, Partridge, Field, Doremus & Ringel,* for plaintiff in error.
*Dobbs & McCutchcn,* for defendants.

SUTTON, C. J. Mrs. Curtis Donaldson filed with the State Board of Workmen's Compensation a claim for compensation, on her own behalf and for five minor children, against the Led-

better Furniture Company and the Pacific Employers Insurance Company, its insurer, on account of the death of her husband, an employee of the furniture company. She was awarded compensation by a hearing director, and, on appeal, the award was affirmed by the full board and a judge of the superior court. The employer and its insurer excepted, and brought the case to this court.

The controlling issue is whether the board was authorized to determine from the evidence that an accident arising out of and in the course of the deceased's employment caused or contributed to his death. In respect to this phase of the case the following evidence was adduced: Donaldson was employed as a truck driver, laborer, and part-time salesman, and had been in the same employment for about twelve years. On Friday, August 5, 1949, the last day he worked before his death, he spent the entire day driving a truck and loading and unloading furniture, chests of drawers and refrigerators, and his duties in this respect were more strenuous on this day than usual. About 11:30 a.m. he complained of a pain in his chest, and thereafter during the day he continued to complain of such a pain and on occasion had to rest. He perspired freely, although it was not an unusually hot day and his helper did not perspire. That evening he ate supper as usual and retired about 9:30 p.m. About 11:30 p.m. he complained of indigestion and of pain around his stomach, got up and took a dose of soda, and then went back to bed. Around 2:30 a.m. he got up again, sat up awhile and felt better, and went back to bed. Later in the morning he got up, but did not eat any breakfast or lunch, and was unable to go to work. By afternoon he was worse and was taken to the hospital, where he remained until his death, about 4 a.m. on Tuesday, August 9, 1949. On his death certificate, signed by his attending physician, coronary thrombosis is listed as the direct cause of death, with the underlying cause as myocardial infarction or embolus. According to the attending physician, the diagnosis from an electrocardiogram reported on Sunday, August 7, 1949, showed an anterior myocardial infarction. This physician was positive in his testimony as to death being caused by coronary thrombosis, but would not testify as to what brought it about, except to say that Donaldson had a diseased heart muscle, and that

this condition had developed over a period of months or years. Another physician testified that he was a specialist in heart conditions, and that based on the history of the case Donaldson died from coronary thrombosis, that the profuse perspiring, pain, and other conditions showed a typical or classical history of coronary disease, and that he did not think there was any question but that the exertion of his work precipitated his death. There was no previous history of any illness.

Under the evidence a finding was authorized by the board to the effect that an accident arising out of and in the course of his employment caused or contributed to the death of Donaldson, that is, that the exertion of his work aggravated a heart condition and precipitated his death. Accordingly, the judge of the superior court did not err in affirming the award granting compensation. See and compare *Griggs* v. *Lumbermen's Mutual Cas. Co.*, 61 *Ga. App.* 448 (6 S. E. 2d, 180); s. c., 190 *Ga.* 277 (9 S. E. 2d, 84); *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d, 478); *Fidelity & Casualty Co.* v. *Adams*, 70 *Ga. App.* 297 (28 S. E. 2d, 79); *Standard Accident Ins. Co.* v. *Handspike*, 76 *Ga. App.* 67 (44 S. E. 2d, 704); *Travelers Insurance Co.* v. *Young*, 77 *Ga. App.* 512 (48 S. E. 2d, 748).

*Judgment affirmed. Felton and Worrill, JJ., concur.*