## 34712. GLOBE INDEMNITY COMPANY *et al.*
## *v.* SIMONTON.

DECIDED JULY 14, 1953—REHEARING DENIED JULY 30, 1953.

*Burt DeRieux, Marshall, Greene, Baird & Neely,* for plaintiffs in error.

*Martin McFarland,* contra.

TOWNSEND, J.   1.   Counsel for the plaintiff in error complains that there was no evidence to support the award, in that it was not shown, first, that the employee was actually engaged in any duties for his employers at or near the time he suffered the heat

stroke, and, second, that no causal relation between his labors, if any, and the seizure is indicated by the record. As to the first contention, it is true that no eyewitness testified as to the claimant's actual work on the morning in question. The testimony of the employer that the employee's job "on that day" was pushing nine to twenty pound bundles on a truck or dolly to the platform and then loading the packages on racks, together with his testimony that he said to him, when he found him sitting down and feeling bad, "Don't work any more," would have authorized the inference that he had been engaged in that work on the morning in question, although the employer did not appear to have acutally seen him working. However, to arrive at the ultimate conclusion that the heat stroke arose out of the claimant's employment, there must necessarily be pyramided upon this inference an additional inference, upon which subject there is no evidence whatever, that the duties in which the employee was inferentially engaged contributed to his seizure or constituted a hazard of his employment. "The jury cannot assume the ultimate fact merely from other facts which are based upon an inference rather than upon proof." *Miller* v. *Gerber Products Co.*, 207 *Ga.* 385, 388 (62 S. E. 2d 174) ; *Spruell* v. *Georgia Automatic Gas Appliance Co.*, 84 *Ga. App.* 657 (67 S. E. 2d 178).

The facts here are no stronger than in the case of *Jones* v. *American Mutual Liability Ins. Co.*, 45 *Ga. App.* 392 (165 S. E. 167), and *Burdick* v. *United States Fidelity &c. Co.*, 54 *Ga. App.* 868 (188 S. E. 923), in both of which cases compensation in heat-stroke seizures was denied as a matter of law in the absence of evidence that the employment or exertion attendant thereon contributed to the seizure or made it more likely that the claimant would succumb if he were in the performance of his duties rather than sitting quietly in his home. In the *Burdick* case (at p. 871) it was held: "The claimant sought to recover simply because he stood five or six feet back of a gasoline hoisting engine and the fan thereon blew hot air into his face. The evidence did not attempt to show that the alleged heat prostration was brought about by the heat from the machinery with which he was working or by a combination of this heat and the surrounding working conditions, peculiar to his particular employment. . . The al-

leged attack is not traced to any definite cause." Equally, in this case, evidence is totally lacking that there was any connection between the claimant's duties and the heat prostration. In *Fidelity & Casualty Co.* v. *Adams,* 70 *Ga. App.* 297, 298 (28 S. E. 2d 79), it was held: "We do not think it can be questioned that physical exertion contributes to a heat stroke or exhaustion suffered while one is engaged in physical effort or immediately following." But, to carry the burden, the claimant should have some evidence in the record as to the exertion which actually existed at the time of the heat stroke, and some testimony, opinion or otherwise, that the quantum of physical exertion present would contribute to the seizure. Such testimony was present in *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d 84), *Standard Accident Ins. Co.* v. *Handspike,* 76 *Ga. App.* 67 (44 S. E. 2d 704), and other cases cited by the defendant in error. It is well settled in this State than an accident arises out of the employment within the meaning of the Workmen's Compensation Law when the required exertion producing the accident is too great for the man undertaking the work, whatever that degree of exertion may be. See *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d 478), and citations. These facts must, however, appear, and the record in this case fails to suggest more than a mere possibility or conjecture that the high temperature, or the difference in temperature between the steam room and loading platform, or both, in any way contributed to the claimant's disability.

The judgment of the superior court is reversed and the case remanded with direction that additional evidence upon the particular phase of the evidence here dealt with be heard and considered by the board in determining whether the seizure was brought about by a particular hazard of the claimant's employment.

*Judgment reversed with direction. Gardner, P. J., and Carlisle, J., concur.*