35353. CITY OF ATLANTA *v.* CROUCH.

DECIDED OCTOBER 29, 1954.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Martin Mc-Farland, Henry L. Bowden,* for plaintiff in error.

*William F. Woods, Joe Salem,* contra.

FELTON, C. J. The widow testified: that the deceased returned home from work between 5 and 5:30 p. m. on June 22, 1953; that he complained with his chest and said that he was smothering; that they then rushed him to Georgia Baptist Hospital before the deceased had had his supper; that her son-in-law, Mr. Bennett, carried him to the hospital, and she did not see her husband alive again.

Richard R. Bennett testified: that he was the son-in-law of Mrs. Lillie Crouch; that on June 22, 1953, after 5 p. m., he was at the Crouch home when Mr. Crouch came in from work, and he noticed that Mr. Crouch was pale and sweating and that his face was drawn; that Mr. Crouch complained of pain in his left chest; that Mr. Crouch sat down at the table but did not eat any supper; that Mr. Crouch went out into the back yard and that his brow and face were a greenish-looking color; that

Mr. Crouch was nauseated; that he took Mr. Crouch to the hospital because he was in such pain; that "Mr. Crouch, on the way to the hospital—he kept on complaining and he said his pain all began when he stumbled over a pipe in the boiler room there at. . . That was in the morning, and that afternoon he said his pain come back when he went up a ladder to go on the spur track that runs behind the boiler room, and that was most all the conversation to the hospital." Mr. Bennett further testified: "Q. Did he [Mr. Crouch] or did he not make any statement in the presence of the doctor and yourself at the hospital? A. He did. Q. Will you please tell what he stated at that time? A. He said that morning, of the 22nd, around 10 o'clock when he stumbled over said pipe that the pain in his left chest begin and in the afternoon around 2:30 or 3, or about 3, he claims he climbed a ladder to go to the spur track behind the boiler room, and he said the pain would slack and come back, off and on all day." Mr. Bennett further testified: that he had been out to the plant where Mr. Crouch had been employed, and that the pipe that Mr. Crouch was talking about was about an inch-and-a-half or a two-inch pipe that runs across one side of the boiler room about six inches off the floor; that the ladder Mr. Crouch mentioned led from the ground up to the spur track at the boiler room, and that the ladder was a 10, 12 or 14-foot ladder.

Dr. Roy McClung testified that the exertion caused by stumbling over the pipe and climbing the ladder could precipitate the coronary occlusion.

The evidence authorized the award. The defendant contends that the widow's and Mr. Bennett's testimony as to what the deceased said concerning the stumbling over the pipe and the climbing of the ladder and the attendant pains was inadmissible. The testimony was allowed in evidence on the following proposition announced in *Lathem* v. *Hartford Accident &c. Co.,* 60 *Ga. App.* 523 (2) (3 S. E. 2d 916): "When death has sealed the mouth of a witness, and there is no other witness as to such deceased witness's injury and its cause, it being contended that the injury was the cause of his death, 'the declarations of a party himself, to whomsoever made, are competent evidence, when confined strictly to such complaints, expressions, and ex-

clamations as furnish evidence of a present-existing pain or malady, to prove his condition, ills, pains, and symptoms, whether arising from sickness or from an injury by accident or violence'." The defendant contends that such principle does not apply in the instant case because here there were other witnesses to the injury and its cause. Such witnesses were fellow-employees of the deceased. They testified that periodically during the day of June 22, 1953, they had seen the deceased, and that he had made no complaint and appeared all right. Such testimony did not render such witnesses witnesses of the injury and its cause. One witness only saw the deceased once during the day. Others had seen him several times during the day. Each time the witness did not spend any great amount of time with the deceased. One witness, the deceased's immediate supervisor, had driven the deceased to work that morning, had seen him several times during the day, and had driven him home after the quitting time of 4:30 p. m. None of the witnesses had constantly been with the deceased all during the day. None was in a position to observe his actions during the entire working day. Their testimony does not contradict the deceased's statement that he stumbled over the pipe and climbed the ladder and each time suffered a pain in the chest, and that the pain was with him off and on during the day after he stumbled over the pipe. Their testimony did not render them witnesses of the injury and its cause within the meaning of *Lathem* v. *Hartford Accident &c. Co.,* supra.

The court did not err in affirming the award of the deputy director.

*Judgment affirmed.   Quillian and Nichols, JJ., concur.*