35479. FLEMMING v. ST. PAUL-MERCURY INDEMNITY
COMPANY et al.

DECIDED FEBRUARY 16, 1955—REHEARING DENIED MARCH 1, 1955.

*Joe Salem, Woods & Salem,* for plaintiff in error.
*Currie & McGhee, Glover McGhee,* contra.

FELTON, C. J. The widow of the deceased employee excepts to the judgment of the Superior Court of Fulton County reversing the award of compensation to her by a majority of the State Board of Workmen's Compensation. The employer and insurance carrier contend that the judgment excepted to is correct for these reasons: (1) that there was no evidence of a compensable accident; (2) that there was no evidence that the disability which it is .contended contributed to the death of the employee was connected with the injury allegedly received in the course of employment; (3) that there was no timely notice of the injury given to the employer; and (4) that the employee refused a surgical operation by a competent surgeon.

1. The evidence authorized the finding that there was a compensable injury. The claimant testified that, on or about October 8, 1952, the deceased came home appearing to be in pain, with a bleeding bruise on his left foot, and that he told her that he had stepped on a pipe at the Howell House (where he was working). There were no other witnesses to the occurrence, and the employee is dead. This testimony was admissible. *Lathem* v. *Hartford Accident &c. Co.,* 60 *Ga. App.* 523 (3 S. E. 2d 916); *City of Atlanta* v. *Crouch,* 91 *Ga. App.* 38, 39 (84 S. E. 2d 475); *Mutual Life Ins. Co.* v. *Davis,* 48 *Ga. App.* 742 (173 S. E. 471). A contrary ruling in *Hodge* v. *American Mut. &c. Ins. Co.,* 57 *Ga. App.* 403 (195 S. E. 765), was not necessary to a decision of that case.

2. There was evidence authorizing the finding that the injury to the left foot contributed to the death. One doctor testified that there was an ulcer on the bottom of the left foot. Other evidence showed four radial lances. The mere fact that some medical testimony was to the effect that the ulcer was on top of

the foot at the time of the employee's stay in the hospital, and the fact that the autopsy showed the same, did not require a finding that the injury to and the ulcer on the bottom of the left foot did not materially contribute to the employee's death. In the absence of proof of other causes for the ulcer on the top of the foot, the inference that the original ulcer had spread to the top of the foot was not unreasonable, especially in view of the employee's diabetic condition. From the medical testimony the finding was authorized that the injury to the bottom of the left foot, which resulted in the ulcerous condition, materially aggravated the illness and contributed to the death, even though the deceased was a diabetic and aspirated a sodium tablet, both of which factors also contributed to the death. There was no evidence to require a finding that anything other than the injury was exclusively responsible for the death.

3. A finding that notice of the injury was given to the employer within 30 days of the death of the employee was authorized.

4. In order for the refusal by an employee to submit to necessary surgery by a competent surgeon to be a bar to the award of compensation (Code § 114-503), it must clearly appear that the urgency and necessity of surgery was made known to the employee at a time when he was physically and mentally capable of making a responsible and intelligent choice in refusing surgery. The only evidence concerning this question was that at numerous times the physicians urged surgery, and that the employee refused. The evidence shows only that, at some time during the deceased's stay in the hospital, he was told that, if he did not submit to surgery, he would die. The exact testimony was that a physician at the hospital testified that on a particular day he did not tell the deceased that he would die if he did not have his foot amputated. This testimony may mean that at some time the deceased was so informed, but it does not show the other conditions necessary before a refusal of surgery will bar compensation.

There was evidence authorizing the award of compensation by the board, and the court erred in setting it aside.

*Judgment reversed. Quillian and Nichols, JJ., concur.*