35674.  ORKIN EXTERMINATING COMPANY, INC., *et al.*
*v.* WRIGHT.

DECIDED JUNE 15, 1955.

T. J. Long, Ben Weinberg, for plaintiffs in error.

Maurice H. Hilliard, contra.

QUILLIAN, J. We will refer to the plaintiffs in error as the employer and the insurance carrier, and to the defendant in error as the claimant, and to her deceased husband as the "employee".

The issues in the instant case are whether the employee sustained an accident arising out of and in the course of his employment, and whether his death resulted from the accident.

It is elementary that, if there is any competent evidence in the record to support the award of the State Workmen's Compensation Board, the award should not be disturbed.

Physical contact with some object is not necessary in order for the employee to sustain an accident within the meaning of the Workmen's Compensation Law. "A physical impact is not a necessary prerequisite to an injury within the compensation act." Williams v. Maryland Casualty Co., 67 Ga. App. 649 (3) (21 S. E. 2d 478). In Bussey v. Globe Indemnity Co., 81 Ga. App. 401, 404 (2) (59 S. E. 2d 34), it was held: "It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive, and that the employer did not know about the employee's diseased condition."

It was held in Shelby Mutual Casualty Co. v. Huff, 87 Ga. App. 463, 465 (74 S. E. 2d 251): "Where it is shown that the cause of death is cerebral hemorrhage or some other disease with which exertion on the part of the employee as shown by the evidence may be expected to concur in precipitating an attack, and where such employee, so suffering, exerts himself in the course of his employment, these facts are sufficient under the above ruling to authorize an award in the claimant's favor. Both the disease and the exertion must be shown, however."

The proof contained in the record and referred to in the foregoing statement of fact was sufficient to sustain the award, and the judge of the superior court committed no error in affirming it.

We have thoroughly considered the contention of the employer that there was no evidence as to the fact that the employee was

exerting himself at all at the time he was stricken. A perusal of the record discloses that there was evidence as to the strenuous nature of what the employee was regularly required to perform; and the manager of the employer's exterminating department, under whose supervision the employee worked, testified that at the time of the attack the employee was engaged in the performance of his regular duties.

In addition to this, there was evidence which, while not revealing the exact thing the employee was doing, was sufficient to show what task he was engaged in, and it required more exertion than he was capable of expending. His wife, the claimant, testified that, when he came home on the day of his attack, he stated to her that he like to have "fell out" on the job and had to go to the doctor.

Her testimony was admissible. "Certainly the testimony of the wife as to the condition of her husband when he came home Thursday, April 16th, holding his back and complaining that it hurt him awfully; that Friday morning he was still in pain, and that Saturday his pain increased, and Saturday afternoon his brother was dragging him when he came home; that he was put to bed where he remained until his death on June 8, was all competent. Her testimony was direct that he was in good physical condition, weighing about 175 pounds before the injury, and ever since she had known him. Nor were the expressions, exclamations, or complaints to her that he had strained himself lifting a box of glass subject to objection." *Lathem* v. *Hartford Accident &c. Co.*, 60 *Ga. App.* 523, 529 (3 S. E. 2d 916).

It will be noticed that in the case of *Williams* v. *Maryland Casualty Co.*, supra, "An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health."

The employer also insists that the evidence that the employee suffered from a heart disease was circumstantial and consisted of an inference drawn from inferences. We think that the evidence to establish that fact, while in part circumstantial, fell squarely within the rule pronounced in *Lumbermen's Mutual Casualty Co.* v. *Bridges*, 81 *Ga. App.* 395, 400 (58 S. E. 2d 849), and formed a chain of circumstances sustaining by their

consistency the hypothesis that he did suffer from heart trouble accentuated by the strenuous nature of the work he was doing.

In the *Bridges* case, the rule is well stated: "The facts of the case authorized the inferences that the employee had heart disease and the physical effort contributed to his death. We think that these inferences are collateral, virtually only one inference, and that the problem of basing one inference on another is not involved. But if it is true that the inference that the exertion contributed to the death is an inference based on the inference that the employee died of heart disease, neither inference is too remote and complies with the test of validity, having as a basis the connection of cause and effect and the observations of human experience. It is true that this court, speaking through Judge Powell, in *Georgia Ry. & Elec. Co.* v. *Harris*, 1 *Ga. App.* 714 (57 S. E. 1076), said that an inference resting only upon an inference is not permissible. However, Judge Powell took care of this statement, in his own inimitable way, in *Lee* v. *State*, 8 *Ga. App.* 413 (69 S. E. 310), where the court in effect stated that the statement in the Harris case was an application of the law of circumstantial evidence rather than the announcement of a general rule on the subject. 'Inferences may be based on facts whose determination is the result of other inferences, so long as the first inference is based on such evidence as to be regarded as a proved fact and the conclusion reached is not too remote.' 31 C. J. S. 730, § 116; 95 A. L. R. 182; 20 Am. Jur. 169, § 165; 1 Wigmore on Evidence, § 41. In principle, this conclusion is supported by many cases of the Supreme Court and this court, among which are: *Travelers Insurance Co.* v. *Young*, 77 *Ga. App.* 512 (48 S. E. 2d 748), and cases cited; *United States Casualty Co.* v. *Richardson*, 75 *Ga. App.* 496 (43 S. E. 2d 793); *Standard Accident Ins. Co.* v. *Handspike*, 76 *Ga. App.* 67 (44 S. E. 2d 704)."

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*