36080. MANUFACTURERS CASUALTY COMPANY *et al.*
*v.* BADGETT.

DECIDED MARCH 1, 1956.

*Harry E. Monroe*, for plaintiff in error.

*T. Charles Allen*, contra.

GARDNER, P. J. The deputy director who heard the case made a very comprehensive finding of fact and award in favor of the claimant, which was later affirmed by the full board, and subsequently affirmed by the Superior Court of Cobb County. See *Williams* v. *Maryland Casualty Company*, 67 *Ga. App.* 649 (21 S. E. 2d 478); *Travelers Insurance Company* v. *Young*, 77 *Ga. App.* 512 (48 S. E. 2d 748); *Lumbermen's Mutual Casualty Co.* v. *Bridges*, 81 *Ga. App.* 395 (58 S. E. 2d 849); *Bussey* v. *Globe Indemnity Co.*, 81 *Ga. App.* 401 (59 S. E. 2d 34); *Hartford Accident &c. Co.* v. *Waters*, 87 *Ga. App.* 117 (73 S. E. 2d 70); *Thompson-Weinman Co.* v. *Yancey*, 90 *Ga. App.* 213 (82 S. E. 2d 725).

There is some evidence to support the award which, in the absence of fraud, is binding on this court. See *United States Fidelity &c. Co.* v. *Neal*, 188 *Ga.* 105 (3 S. E. 2d 80). Also the principles of law set out in *Lumbermen's Mutual Casualty Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d 84) were fully complied with in the instant case, according to the evidence which the State Board of Workmen's Compensation had a right to accept or refuse. Such evidence was accepted and made the basis of the findings of fact and award. The causal connection between exertion and the ultimate death of the deceased is sufficiently shown.

The trial court did not err in affirming the findings of fact and award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*