36316. SMITH *v.* UNITED STATES FIDELITY & GUARANTY CO. *et al.*

CARLISLE, J. 1. " 'An injury arises "in the course of the employment" when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. An accident arises "out of" the employment when it arises because of it, as when the employment is a contributing cause. The injury must not only arise out of but also in the course of employment, neither alone being sufficient.' *Maryland Casualty Co.* v. *Brown,* 48 *Ga. App.* 822 (3) (173 S. E. 925). The burden of showing that the accident arose out of and in the course of the employment was upon the claimant. *Banks* v. *Ellijay Lumber Co.,* 59 *Ga. App.* 270 (2) (200 S. E. 480); *Travelers Insurance Co.* v. *Faulkner,* 63 *Ga. App.* 438 (11 S. E. 2d 367)." *Ralph* v. *Great American Indemnity Co.,* 70 *Ga. App.* 115, 117 (27 S. E. 2d 756).

2. "When death has sealed the mouth of a witness, and there is no other witness as to such deceased witness's injury and its cause, it being contended that the injury was the cause of his death, 'the declarations of a party himself, to whomsoever made, are competent evidence, when confined strictly to such complaints, expressions, and exclamations as furnish evidence of a present-existing pain or malady, to prove his condition, ills, pains, and symptoms, whether arising from sickness or from an injury by accident or violence.' " *Lathem* v. *Hartford Accident &c. Co.,* 60 *Ga. App.* 523 (2) (3 S. E. 2d 916); *City of Atlanta* v. *Crouch,* 91 *Ga. App.* 38 (84 S. E. 2d 475); *Flemming* v. *St. Paul-Mercury Indemnity Co.,* 91 *Ga. App.* 582 (86 S. E. 2d 637); *Orkin Exterminating Co.* v. *Wright,* 92 *Ga. App.* 224 (88 S. E. 2d 205).

3. "Not only may an issue of fact arise from contradictory evidence, but 'implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto.' *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 261 (175 S. E. 577)." *Employers Liability Assurance Corp.* v. *Woodward*, 53 *Ga. App.* 778, 779 (3) (187 S. E. 142).

4. "The Workmen's Compensation Act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court if there is any competent evidence to support it. Code §§ 114-710; *Georgia Casualty Co.* v. *Martin*, 157 *Ga.* 909 (122 S. E. 881); *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 75); *Bituminous Casualty Co.* v. *Jackson*, 68 *Ga. App.* 447 (23 S. E. 2d 191)." *Maryland Casualty Co.* v. *Hopkins*, 71 *Ga. App.* 175, 177 (30 S. E. 2d 357).

5. The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence are matters for determination by the board. *Continental Casualty Co.* v. *Bennett*, 69 *Ga. App.* 683 (26 S. E. 2d 682).

6. Under an application of the foregoing principles of law to the facts of the present case, the superior court did not err in affirming the award of the State Board of Workmen's Compensation denying compensation to the claimant-wife of the deceased employee, as the board was authorized to find that the myocardial infarction from which he died according to the death certificate was not the result of an accident which arose out of or in the course of her husband's employment. It appears that on April 23, 1953, the employee had sustained an accident resulting in a ventral hernia, an injury with which we are only incidentally concerned in the present case; that on September 22, 1953, he went to work at the regular time and within four or five minutes after his arrival there complained of being ill with pains in his stomach; that his superior ordered him to sit down, or lie down and not to do any work, which he did; that later he was heard to be groaning as his illness became worse and he was sent home; that he was examined by a physician who determined that he was suffering from a hernia near the operative scar made in repairing his first hernia; that he made no complaint to the physician that he had exerted himself that day, nor did the physician from his examination observe any myocardial deficiency or symptoms of heart disease; that on September 30, 1953, the employee was hospitalized to repair the ventral hernia; that this operation was successful and on the day of his death (October 19, 1953) he was examined by the physician who found nothing wrong with the employee's heart and the employee stated to the physician that he had never felt better; that leaving the physician's office, the employee walked approximately a block and one-half and lunched with his sister; that following the luncheon he had a heart attack from which he died within an hour and one-half. The claimant and one of her friends testified that on the day that her husband returned ill from work (September 22, 1953) and while he was still in great pain he stated to them that he had strained himself lifting a barrel at work. Two other employees testified that they were in a

position to see and know whether or not the husband had done any work on that day and they testified that he had done none. Under these circumstances the board was authorized to find that the claimant had failed to sustain the burden of proving that her husband's death was in any way connected with his employment.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 25, 1956.

*William F. Woods, Woods & Southard,* for plaintiff in error.
*M. D. McLendon, Bryan, Carter, Ansley & Smith,* contra.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*