39432. CALLAWAY MILLS COMPANY v. YATES.

DECIDED MAY 9, 1962.

*B. J. Mayer*, for plaintiff in error.
*Richter & Birdsong, A. W. Birdsong, Jr.*, contra.

HALL, Judge. The findings of fact and award of the State Board of Workmen's Compensation were supported by the evidence. There was evidence before the board that the deceased had previously been hospitalized and treated for a heart condition and arteriosclerosis, and took medications for a hurting in his chest; that before leaving work at about 8:30 on a Friday evening he told a fellow worker that "he was mighty tired"; that when he reached home he told his wife that he had had a

pain in his chest about 6:00 while working and had not been "easy" since, and that he was hurting in his arms and chest; that it appeared to his wife that he was suffering and was having severe pains when he came in from work and he did not "get rested or easy" until around midnight. A medical expert testified that the best diagnosis from the history, as to what the deceased died from, would be coronary occlusion with coronary thrombosis, and that he believed the deceased had a coronary occlusion on Friday night. In answer to a hypothetical question as to whether the deceased's "exertion after the first attack of pain in the mill contributed to bringing about what you thought was a coronary occlusion," the medical expert testified, "I certainly think it did." "If the employment of the employee contributes to the injury it is an accident under our compensation law and is compensable, it matters not what combined with the employment to produce it. Where the work of an employee contributes to an injury it is accidental, if not coming under one or more of those exceptions named in our statutes, even if the work done is usual and done in the customary manner . . . or whether the work attempted is too great for the man undertaking the work, whatever the degree of exertion, or the condition of health." *Fidelity &c. Co. v. Adams,* 70 Ga. App. 297, 298 (28 SE2d 79). *U. S. Fidelity &c. Co. v. Doyle,* 96 Ga. App. 745 (101 SE2d 600); *Manufacturers Cas. Co. v. Badgett,* 93 Ga. App. 449 (91 SE2d 861); *Georgia Power Co. v. Reid,* (87 Ga. App. 621 (74 SE2d 672); *Hartford Accident &c. Co. v. Waters,* 87 Ga. App. 117 (73 SE2d 70); *Bussey v. Globe Indem. Co.,* 81 Ga. App. 401 (59 SE2d 34); *Lumbermen's Mutual Cas. Co. v. Bridges,* 81 Ga. App. 395 (58 SE2d 849); *City of Atlanta v. Crouch,* 91 Ga. App. 38 (84 SE2d 475); *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890 (78 SE2d 257); *Liberty Mutual Ins. Co. v. Elrod,* 102 Ga. App. 548 (116 SE2d 890); *Georgia Marble Co. v. McBee,* 90 Ga. App. 406 (83 SE2d 253).

The decision in *Callaway Mills Co. v. Hurley,* 104 Ga. App. 811 (123 SE2d 7), cited by the defendant, is not in conflict with this decision. There this court merely held that "it was within the province of the board, as a fact-finding body, to give no weight to" certain medical testimony. The medical

testimony in the present case was sufficient to support a finding that the deceased died of a coronary occlusion, and that "exertion expended in the performance of his employment duties" was a contributing factor. *Aetna Cas. &c. Co. v. Pulliam,* 99 Ga. App. 406 (108 SE2d 823).

*The judgment of the superior court, modifying the award to correct a mathematical error in the amount of weekly compensation, and otherwise affirming the award of the board, is hereby affirmed. Felton, C. J., and Bell, J., concur.*