25802. CITY OF HAPEVILLE v. PRESTON.

STEPHENS, J. 1. Where the time limit within which a bill of exceptions must be tendered to the trial judge for certification is twenty days from the date of the rendition of the judgment complained of, it does not appear affirmatively, so as to confer jurisdiction upon the Court of Appeals to review the judgment complained of, that a bill of exceptions was presented for certification within the time required where the bill of exceptions was certified by the judge more than twenty days after the date of the rendition of the judgment complained of, and the only evidence from the record tending to show when the bill of exceptions was presented for certification is a recital in the bill of exceptions that the plaintiff in error comes "within the time provided by law and within thirty days of the date of the order and judgment" complained of, and tenders the bill of exceptions for certification. *Coker* v. *Life & Casualty Ins. Co.*, 180 *Ga.* 525 (179 S. E. 626).

2. A bill of exceptions from a judgment of the superior court on an appeal from an award of the Department of Industrial Relations must be tendered to the trial judge for certification within twenty days from the date of the rendition of the judgment complained of. Code, §§ 6-903, 114-710. Where a judgment of the superior court affirming an award of the Department of Industrial Relations was rendered on May 5, 1936, and the bill of exceptions in which that judgment is excepted to was certified by the trial judge June 4, 1936, and the only evidence appear-

ing from the record tending to show when the bill of exceptions was presented for certification is a recital in the bill of exceptions that it was tendered "within the time. provided by law and within thirty days," of the date of the judgment complained of, it does not appear that the bill of exceptions was presented for certification within twenty days as required by law.

3. Since the jurisdiction of the Court of Appeals must affirmatively appear from the record, and it does not appear that this court has jurisdiction to entertain the bill of exceptions in this case, the writ of error is                  *Dismissed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED OCTOBER 27, 1936.

*H. A. Allen,* for plaintiff in error.
*A. M. Murphy, Edgar A. Neely Jr.,* contra.