29171, 29199.  CITY OF HAPEVILLE v. PRESTON; and vice versa.

DECIDED SEPTEMBER, 22, 1941.

H. A. Allen, for plaintiff in error.  Fraser & Irwin, contra.

FELTON, J.  R. L. Preston filed a claim against the City of Hapeville for compensation. On November 12, 1935, a single director awarded the claimant compensation for temporary total disability, and fifty per cent. partial disability, penalty, and attorney's fees. The full board affirmed the single director's award on November 19, 1935. On appeal to the superior court of Fulton County the court affirmed the award of the Industrial Board but reduced the amount of attorney's fees to be paid. The writ of error from the judgment of the superior court was dismissed because the bill of exceptions was not filed in time. City of Hapeville v. Preston, 54 Ga. App. 418 (188 S. E. 264). On February 23, 1937, the compensation payments were ordered to be paid to Mrs. R. L. Preston as trustee for the claimant who had been committed to the State sanitarium. Through mistake the clerk of the City of Hapeville paid the claimant and his trustee $9 a week instead of $4.50 a week as ordered by the Industrial Board (the mistake was evidently made because double payments were made for a short time), and the payment of the full amount permitted under the law was accomplished before

the expiration of the number of weeks it would have required had the correct amount been paid each week. The last payment was made in June, 1940. On June 20, 1940, the claimant requested a further hearing predicated on a change in condition. Director Hartley made an award of $9 per week for 69 weeks beginning July 4, 1940. This award was appealed to the superior court of Fulton County, after a hearing on which the court passed the following order: "The within appeal coming on for a hearing and after counsel for both sides argued said appeal, it is hereby ordered and adjudged that the within appeal be dismissed, with costs on the City of Hapeville. This the 20th day of May, 1941." The exception is to the order dismissing the appeal.

1. The evidence authorized a finding that there was a change in claimant's condition and that it was caused by the original injury. An affirmance of the award was for this reason demanded, and the fact that the appeal was dismissed rather than affirmed is immaterial since the same legal consequence resulted. It might be stated that the plaintiff in error in the main bill does not contend that the award was not supported by competent evidence.

2, 3. It is too late to raise the question that the original award was illegal because no notice was given to the city until more than thirty days after the injury. The original award is the law of the case, not having been set aside. The same is true as to the question whether the injury arose out of and in the course of employment.

4. There is no merit in the city's contention that the claimant could not proceed in his own name. The assistant superintendent of the sanitarium, in a letter, certified that the claimant was discharged from the hospital on December 30, 1936, in a normal mental condition. In view of this fact there was no presumption that he was still insane. *Talley* v. *Beavers,* 141 *Ga.* 110 (80 S. E. 556).

No error is shown in dismissing the appeal. The points made on the cross-bill have been abandoned by a request to dismiss the cross-bill, which is granted.

*Judgment affirmed. Cross-bill dismissed. Stephens, P. J., and Sutton, J., concur.*