35456. AMERICAN EMPLOYERS' INSURANCE COMPANY *et al.* v. HARDEMAN.

Decided February 7, 1955.

*John M. Williams*, for plaintiff in error.

*Archibald A. Farrar*, contra.

QUILLIAN, J. In a workmen's compensation case the award of compensation to the claimant is final in so far as it adjudicates that the claimant sustained an accidental injury arising out of and in the course of his employment resulting in disability. The award also determines the extent of the claimant's disability at the time of its rendition. But since it is a matter of common knowledge devolved from human experience that physical conditions almost invariably improve or deteriorate with the passing of time, our law wisely provides that the extent of the claimant's disability is subject to periodic review. *Rhindress* v. *Atlantic Steel Co.*, 71 *Ga. App.* 898 (32 S. E. 2d 554) ; Code § 114-709.

In the instant case the initial award was predicated upon an agreement between the claimant and the insurance carrier that the claimant was totally disabled, that 29.67 percent of his disability was caused by a compensable accident, and 70.33 percent from an infirmity not connected with the accident. The award accordingly adjudicated that the claimant was entitled to com-

pensation for 29.67 percent disability. In these circumstances it is obvious that the claimant was entitled to apply for a hearing to determine whether there had been a change in his condition since the initial award was entered.

On the hearing it would have been permissible for the claimant to show by competent evidence that the extent of his disability due to the systematic infirmity had, since the original award, diminished on account of improvement in that condition, and that the degree of his disability arising from the injury had increased on account of deterioration in the condition caused by the injury. Thus, though the original award did adjudicate that the claimant was totally disabled, in the peculiar circumstances of this case, that award was no bar to a subsequent application based upon a change of his condition, and this is true even though the original award had been fully satisfied prior to the filing of the application. The holdings in *Rourke* v. *United States Fidelity &c. Co.*, 187 *Ga.* 636 (1 S. E. 2d 728), and *Moore* v. *American Mutual Liability Ins. Co.*, 67 *Ga. App.* 259 (19 S. E. 2d 763), are not in conflict with what is held here, nor do they furnish any basis for a contrary view.

The award of June 24, 1953, dismissing the claimant's application for hearing to determine the question of a change in his condition, was error, and not supported by the decisions therein cited.

However, it had the effect of solemnly and finally adjudicating that for a particular legal reason therein assigned the claimant did not have the right to apply for additional compensation on account of a change of condition.

And, unlike an award which simply denies an application on the ground that the evidence does not show a change in the claimant's condition, the award had the effect of permanently denying to the claimant his right to file again an application of that nature.

It follows that, though the award of the deputy director entered on June 15, 1954, was not authorized on the ground on which it was entered, namely that the initial award entered April 15, 1952, was final as to the extent of the claimant's disability, preventing any future inquiry into that question, it reached the right conclusion, since the award of May 18, 1953, did have the effect of precluding the claimant from filing the application.

The judge of the superior court erred in reversing the award of the deputy director, for the reasons assigned.

*Judgment reversed.   Felton, C. J., and Nichols, J., concur.*