36558. FISHTEN v. CAMPBELL COAL CO. *et al.*
36559. FISHTEN, Guardian v. CAMPBELL COAL CO. *et al.*

DECIDED APRIL 2, 1957.

412

*Adair & Goldthwaite, Clarence J. Jackson,* for plaintiff in error, case No. 36558.

*Moise, Post & Gardner, Harry E. Monroe,* contra.

*Joe Salem,* for plaintiff in error, case No. 36559.

*Moise, Post & Gardner, Harry E. Monroe,* contra.

FELTON, C. J. 1. We will first consider Case No. 36558. On the review, the employer relied on the same evidence that was adduced at the first hearing. It contends that it is not precluded by the doctrine of res judicata and gave the following argument in support of such contention: "The Georgia act, in Ga. Code, Ann., 114-414 states: 'The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: (a) A wife upon a husband she had not voluntarily deserted or abandoned at time of the accident. . .'

"Since said dependency is conclusively presumed, the Board of Workmen's Compensation could not have found, on the first hearing, that plaintiff in error was not dependent upon the deceased, for she was married to deceased in a previous undissolved marriage and had not deserted or abandoned him. *Sims et al.* v. *American Mutual Liability Insurance Company et al.,* 59 *Ga. App.,* 170, 171; *Lumbermens Mutual Casualty Co. et al.* v. *Reed et al.,* 84 *Ga. App.* 541, 546. Therefore, under the act, compensation could not have been denied to plaintiff in error. Furthermore, evidence which would tend to rebut the presumption that plaintiff in error was dependent upon deceased would have been inadmissible, since the presumption is a conclusive presumption of law. Ga. Code (Ann.) Sec. 38-113.

"Ga. Code (Ann.) Sec. 38-114 states: 'Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed.'

"Therefore, evidence that plaintiff in error had remarried was inadmissible at the first hearing of the board, since that hearing had for its purpose the determination of dependency at the time of the accident, *Atkinson* v. *Atkinson,* 47 *Ga. App.* 345, and since plaintiff in error was by statute conclusively presumed to be dependent. Remarriage of the wife of a deceased is ground for termination of dependency, but cannot be ground for denial of dependency. Ga. Code (Ann.) Sec. 114-414. Indeed, dependency cannot be terminated until it is found to exist.

"The evidence upon which defendants in error rely to show a termination of dependency on grounds of remarriage of plaintiff in error was introduced anew on the second hearing. That it was introduced in the first hearing did not and could not under the doctrine of res judicata bar its reintroduction, for it could not have been considered in the first hearing, but could be considered only after the board, in the first hearing, made the award.

"The case of *Sims* v. *American Mutual Liability Insurance Co.*, 59 *Ga. App.* 170, closely parallels the case at bar. In that case the widow of a deceased employee moved North after deceased abandoned her, married again, and was living with her second husband at the time of the accident. The court held that since her marriage to deceased was never dissolved, and since she never abandoned deceased, she is conclusively presumed to be dependent upon deceased. It is evident from the opinion that the court felt free to determine the question of dependency only as of the time of the accident.

"Furthermore, all the evidence introduced at the first hearing pointing toward the remarriage of plaintiff in error, the board would not have been authorized or empowered to consider such evidence and still award compensation to plaintiff in error, as is indicated by *United States Fidelity & Guaranty Co.* v. *Hairston*, 37 *Ga. App.* 234. In that case the board originally awarded compensation to the widow of a deceased employee, and, after the widow died, amended its order to provide that the compensation would continue to be paid to the administratrix of the deceased widow. The administratrix brought suit in the superior court seeking to make the board's award the judgment of the court, under Ga. Code (Ann.) Sec. 114-711. A general demurrer to the petition was sustained. The court, noting that an order directing payment of compensation becoming due after the death of the widow would be illegal under the act, refused to construe the order as an award to the administratrix of such payments, and, therefore, ruled that the administratrix failed to state a cause of action.

"The analogy of this case to the case at bar is readily apparent. In each case, the act does not authorize the Workmen's Compensation Board to make an award: In the *Hairston* case, the act

(Ga. Code, Ann., Sec. 114-414) clearly states to whom the compensation shall go in the event of the death of the widow, and the board was not authorized to rule otherwise. In the present case, the same section of the Code clearly states that dependency of the widow shall terminate with remarriage, and the board is not authorized to rule otherwise. The board is not a court of general jurisdiction, nor even of limited common-law jurisdiction, and has only the power and authority conferred upon it by the legislature. *United States Casualty Co.* v. *Smith,* 42 *Ga. App.* 774 (1)."

We do not agree that on the first hearing, which occurred some one and one-half years after the accident, the director could not consider the dependency of the claimant spouse at the time of the hearing. The fact that a spouse is conclusively presumed to have been wholly dependent on the deceased employee at the time of the accident does not preclude the possibility that she could at any time between the accident and the hearing cease to be wholly dependent by reason of her remarriage. On a first hearing a director shall consider all matters touching on the question of compensation occurring up to the time of the hearing. For the purpose of determining the question of for what length of time compensation was due, the director on the first hearing of necessity had to determine whether dependency had continued from the time of the accident. As an example, suppose a spouse filed a claim for the death of her husband and the hearing took place one year after the accident and the evidence showed that compensation was due and further showed that the spouse remarried six months after the accident and death of her husband, in fixing the amount of compensation due the spouse, the director would necessarily have to find that she was due compensation from the date of his accident and death until the date of her remarriage (provided she had not voluntarily abandoned or deserted her husband), in which case the question of dependency of the spouse after the time of the accident and death and at the time of the hearing would have to be considered by the director.

The doctrine of res judicata applies to workmen's compensation cases except in the particular instances named in the act.

*Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566, 570 (161 S. E. 131). While the doctrine of res judicata does not make forever conclusive the determination of the issues of the amount of disability and dependency, such determinations are conclusive as to those issues up to and at the time of the hearing and remain conclusive unless a change in condition or dependency occurring after such hearing is shown. *Maryland Casualty Co.* v. *Pitman,* 72 *Ga. App.* 838, 839 (35 S. E. 2d 319).

We do not mean to hold that a change in dependency occurring subsequent to the first hearing can not be shown on a review but we do hold that all issues which were determined or which could have been adjudicated on the first hearing concerning facts as they then stood are conclusive. Any issue which could have been determined on the first hearing is res judicata.

The employer is relying on a remarriage of the claimant spouse occurring prior to the original hearing to show that such claimant's dependency terminated and that she was no longer entitled to compensation. To show this fact, it relied on a deposition of the claimant introduced and considered on the first hearing. Since the alleged remarriage occurred prior to the first hearing, and since the issue of the claimant spouse's dependency was adjudicated on the first hearing, the determination of that issue is res judicata and cannot now be controverted. *United States Fidelity &c. Co.* v. *Neal,* 58 *Ga. App.* 755 (1) (199 S. E. 846); *City of Hapeville* v. *Preston,* 65 *Ga. App.* 835, 836 (2, 3) (16 S. E. 2d 774); *Maryland Casualty Co.* v. *Pitman,* 72 *Ga. App.* 838, supra.

Cases concerning changes in condition of a claimant occurring after a first hearing are not applicable in the instant case for the reasons given above.

There is nothing in *Atkinson* v. *Atkinson,* 47 *Ga. App.* 345 (170 S. E. 527) contrary to what we have said here. That case merely held that, in order for it to be conclusively presumed that a wife was wholly dependent upon an employee, she must have been his wife at the time of his accident and injury. In *Sims* v. *American Mutual Liability Ins. Co.,* 59 *Ga. App.* 170 (200 S. E. 164), it was merely held that the deceased employee's first wife having been his legal wife at the time of his accident, was by

law conclusively presumed to be wholly dependent upon him *at the time of the accident.* The question whether she, after the accident, ceased to be wholly dependent by reason of remarriage, did not arise in that case.

2. We will now consider Case No. 36559. In its order relating to the compensation of the minor children, the superior court stated: "The next question is whether the children previously adjudged to be dependents take the balance of such compensation.

"Section 114-414 provides that upon the death of the surviving spouse the children shall be paid the balance. But the only provision as to payment of the balance after remarriage is in the last paragraph of 114-414 that 'where there are both total and partial dependents and the total dependents die, remarry or cease to be dependents, the partial dependents shall be entitled to the balance of compensation.'

"The children were total dependents, not partial dependents. Therefore, since Mary Jane Fishten did not die and since the children were not partially dependent, there is no provision of the law giving them the balance of compensation. Without any authorization under the statute the court is without power to award the children the balance."

The employer contends as follows: "Ga. Code (Ann.) Sec. 114-414 states that both the widow and children under eighteen are conclusively presumed to be total dependents of a deceased employee. Since this presumption is conclusive and is one of law (Ga. Code, Ann., Sec. 38-113) it cannot be rebutted (Ga. Code, Ann., Sec. 38-114), and it is impossible that children of a deceased employee can be considered under any circumstances as partially dependent only.

"Ga. Code (Ann.) Sec. 114-414 is the only statutory provision which sets out what disposition shall be made of an award of compensation to one who since such award has by remarriage changed his or her status so as to be no longer eligible. That provision reads: 'In all cases, except such as are hereinbefore specifically provided for, where there are both total and partial dependents and the total dependents die, remarry or cease to be dependents, the partial dependents shall be entitled to the bal-

ance of compensation, if any.' The same Code section sets out the only statutory provision whereby a total dependent may be entitled to remaining compensation originally awarded to a surviving spouse, and that provision reads: 'If the dependent surviving spouse dies before payment is made in full, the balance remaining shall be paid to the person or persons wholly dependent, if any, share and share alike.' These provisions, by their clear language, make it apparent that they do not purport to authorize dependent children to share in any remaining compensation awarded to a surviving spouse who has terminated his or her dependency by remarriage. The first quoted provision authorizes remaining compensation to be awarded to partial dependents when all total dependents die, remarry, or cease to be dependents. Surviving children under the age of eighteen, as above discussed, cannot be partially dependent only, but by a conclusive presumption of law must be totally dependent. The second quoted provision authorizes payment of remaining compensation to other total dependents when the surviving spouse to whom an award has been made dies. This provision does not speak of termination of dependency by remarriage."

We do not agree that the judge's order or the employer's contention states the law on this matter, but assuming for the sake of argument that either or both does, since the superior court's termination of compensation to the minor children was based on its finding that the claimant Mary Jane Fishten's dependency had teminated by reason of remarriage and since that latter finding was unauthorized, the court's finding as to the minor children was also unauthorized.

The deputy director and the full board were not authorized to modify the first award of compensation to the spouse and minor children and erred in doing so; and the superior court erred in not reversing the latter award in toto.

*Judgments reversed. Quillian and Nichols, JJ., concur.*