## 37271. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* HOLLOWAY.

TOWNSEND, Judge. On the date that the claimant in this workmen's compensation case allegedly suffered a herniated disc, accompanied by sharp pain and occurring as he was making a turn with a wheelbarrow loaded with bricks, he continued to work until quitting time and made no complaint to his superiors. He did not return to work thereafter except to bring his foreman the following report signed by an attending physician: "This certifies I have attended John Holloway, 5-15-57 and 5-16-57. He has chronic low-back strain. He will also require several weeks absence from heavy lifting." The evidence between the claimant and his foreman on what was said on this occasion is in sharp conflict, the claimant

testifying that he told the foreman he had "hurt his back while rolling a wheelbarrow on number 1 ramp on the last day he worked" and the foreman denying any conversation relative to this subject, and stating that he had no notice of any accident or claim until about two weeks before the hearing (which was four months after the disability commenced).

On the subject of notice, which is the only issue before this court, the finding of fact is as follows: "I further find as a matter of fact that this defendant company through its supervisors and agents had knowledge of this injured workman's condition within a period of three days from the date of his injury, they having had a written report from the doctor stating that he was unable to carry on this heavy work. I further find as a matter of fact that they knew that he had required medical attention which was sufficient to put them on notice that something had happened to this employee sufficient to have made an investigation. I further find as a matter of fact and conclude as a matter of law that the Workmen's Compensation Act was enacted for a humane purpose and is liberally construed in favor of the claimant to carry out its beneficent purposes. To my satisfaction, this claimant is excused from not having given a direct notice since being an ignorant layman, he did not think his injury was serious—possibly did not know what had actually caused his injury at the time."

In *Royal Indem. Co.* v. *Coulter,* 213 *Ga.* 277, 278 (98 S. E. 2d 899), reversing the Court of Appeals, it was stated: "An injury for which compensation is payable under the Workmen's Compensation Act means injury only 'by accident arising out of and in the course of the employment'. Code § 114-102. Code § 114-303 requires that 'every injured employee or his representative shall, immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, a notice of the accident,' and 'No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident.' Obviously, the notice required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." Under this decision, the certificate of the physician that the claimant was suffering from

"chronic low-back strain" does not meet the requirements of the statute. Knowledge by the employers of the employee's condition—that is, that he had chronic back strain—is not sufficient to put them on notice that he had suffered an accident during the course of his employment. The finding of fact that the claimant was an "ignorant layman" who would be excused from giving notice on that account is not borne out by the claimant's testimony that he was familiar with the method provided by his employer for giving notice of injuries, and that he did tell his foreman about his injury. Accordingly, this finding of fact as to notice is unsupported by the evidence. On the other hand, the director did not make a finding of fact as to whether or not oral notice had been given by the claimant to his employer, although there is in the record sufficient evidence to support a finding of fact on this question. This does not mean that a claimant must say to his employer, "I have had such and such an accident and injury within the meaning of the Workmen's Compensation Act for which I think you are liable." It means only that there must be something (as in the cited cases of *Railway Express Agency, Inc.* v. *Harper,* 70 *Ga. App.* 795, 29 S. E. 2d 434; *Davison-Paxon Co.* v. *Ford,* 88 *Ga. App.* 890, 78 S. E. 2d 257, and *Ideal Mutual Ins. Co.* v. *Ray,* 92 *Ga. App.* 273, 88 S. E. 2d 428) to put the employer on notice that there is at least a probability that the injury of which he is informed is connected with an accident arising out of and in the course of the employment. This case should be returned to the Board of Workmen's Compensation with direction that a finding of fact be made as to whether the claimant gave notice to his employer, without regard to the contents of the medical certificate above mentioned, the certificate being insufficient for that purpose.

The judge of the superior court erred in affirming the award of the full board.

*Judgment reversed with direction. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 16, 1958—REHEARING DENIED
OCTOBER 3, 1958.

Carl E. Westmoreland, Westmoreland & Thornton, R. Tom Spencer, for plaintiffs in error.

David L. Mincey, S. Gus Jones, Neal D. McKenney, contra.