38428.   LIBERTY MUTUAL INSURANCE COMPANY
*et al.* v. ELROD.

DECIDED SEPTEMBER 27, 1960—REHEARING DENIED
OCTOBER 10, 1960.

*Henry A. Stewart, Sr.,* for plaintiffs in error.
*Forrest C. Oates, Jr., James I. Parker,* contra.

NICHOLS, Judge.   ■   The contention is made that the award of compensation was error because the claimant failed to give the employer notice in accordance with *Code* § 114-303.   In the present case the deputy director, as well as the full board, made the

following finding: "I further find that the claimant gave notice of the fact that he fell in the mill to his immediate supervisor within the time prescribed by law which was sufficient to constitute the required notice." This finding was authorized by the evidence and such notice was sufficient to allow the employer to make an investigation had the employer seen fit to do so. Accordingly, this contention of the employer and insurer is without merit.

■ In *Hartford Accident &c. Co. v. Waters,* 87 Ga. App. 117 (73 S. E. 2d 70), it was held: "Where there was no expert opinion to the effect that the exertion contributed to the attack, unless and until some method is developed to ascertain with some degree of certainty that such an attack is not contributed to by exertion, we think that knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack, authorized the finding in this case, on the weight of reasonable probabilities, that the amount of exertion in this case contributed to the cerebral hemorrhage which caused the deceased's death. See *Bussey v. Globe Indemnity Co.,* 81 Ga. App. 401, 405 (59 S. E. 2d 34); *Lumbermen's Mutual Cas. Co. v. Bridges,* 81 Ga. App. 395, 400 (58 S. E. 2d 849); *Fidelity & Cas. Co. v. Adams,* 70 Ga. App. 297, 298 (28 S. E. 2d 79); *Travelers Ins. Co. v. Young,* 77 Ga. App. 512 (48 S. E. 2d 748); *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (21 S. E. 2d 478)." The evidence in the present case was that the claimant had climbed two or three flights of stairs and developed a shortness of breath, became dizzy and fell. Based on a hypothetical question a physician testified that the claimant suffered a cerebral vascular accident (stroke) which caused his fall, and that, as outlined in the question, it was the exertion which caused the cerebral vascular accident. The physician, who had treated the claimant since the accident testified that he was totally disabled. It cannot be said that there was no evidence to support the award, and where there is any competent evidence to support an award of the State Board of Workmen's Compensation, no error of law appearing, neither the superior court nor this court can disturb such award.

*Judgment affirmed. Felton, C. J., and Bell, J. concur.*