38908.   KRESGE v. HOLLEY.

DECIDED JUNE 30, 1961—REHEARING DENIED JULY 11, 1961.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiff in error.

*Nick Long, Jr.,* contra.

FELTON, Chief Judge. *Code* § 114-303 provides that "no compensation will be payable unless . . . notice, either oral or written, is given [to employer] within thirty days after the occurrence of an accident . . . unless it can be shown that . . . the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, had knowledge of the accident." The issue in this case is whether the defendant employer had such actual notice of the accident as required by the statute to relieve the claimant of the necessity of giving defendant notice of the accident.

Whether or not the failure to give such notice comes within one of the exceptions set forth by the statute, so as to prevent such failure from operating as a bar to an award of compensa-

tion, is a question of fact, to be determined by the board, and its finding upon such question of fact, *if supported by the evidence,* is, in the absence of fraud, conclusive. *Maryland Cas. Co. v. England,* 160 Ga. 810, 812 (129 SE 75); *Montgomery v. Maryland Cas. Co.,* 169 Ga. 746 (151 SE 363); *Maryland Cas. Co. v. Sanders,* 182 Ga. 594 (186 SE 693); *American Mut. Liab. Ins. Co. v. Sisson,* 198 Ga. 623, 625 (32 SE2d 295); *Code* § 114-710. "But where the award of the State Board of Workmen's Compensation is based upon an erroneous conclusion drawn from the facts and the law applicable thereto, it is proper for the judge of the superior court to reverse such award and enter such judgment in the case as is proper under the law and the facts as disclosed by the record in the case." *Glens Falls Indem. Co. v. Clark,* 75 Ga. App. 453, 458 (43 SE2d 752); *Bituminous Cas. Corp. v. Elliott,* 70 Ga. App. 325 (28 SE2d 392); *Aetna Cas. &c. Co. v. Honea,* 71 Ga. App. 569 (4) (31 SE2d 421); *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122 (33 SE2d 109); *Hall v. Kendall,* 81 Ga. App. 592 (1) (59 SE2d 421).

"The purpose of this provision [for notice] is undoubtedly to prevent the belated filing of claims which might work a fraud or injustice upon the employer." *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266, 268 (76 SE2d 568). As to how much notice is required, in *Employers Mutual &c. Ins. Co. v. Holloway,* 98 Ga. App. 265, 267 (105 SE2d 370) it is stated that: "It means only that there must be something (as in the cited cases of *Railway Express Agency v. Harper,* 70 Ga. App. 795, 29 SE2d 434; *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 78 SE2d 257, and *Ideal Mutual Ins. Co. v. Ray,* 92 Ga. App. 273, 88 SE2d 428) to put the employer on notice that there is at least a probability that the injury of which he is informed is connected with an accident arising out of and in the course of the employment."

Was the mere fact that the employer's agent saw the claimant fall sufficient to put the employer on notice that the claimant had sustained an injury in the course of her employment? The record shows that even the claimant herself did not think she was injured at the time of the fall, that she did not feel any pain until ten days later, that she did not even mention the injury to her employer for about a month and a half, and that

she told the doctor who examined and treated her that she had sustained no injury. When she finally told her supervisor of her condition, she did not indicate that it had arisen out of her employment, but merely said she had had trouble with her back. It was held in *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899): "Obviously, the notice required is notice of an *injury* by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." (Italics ours.) This was reaffirmed by *Fountain v. Ga. Marble Co.,* 213 Ga. 352 (99 SE2d 144). See also *New Amsterdam Cas. Co. v. Kidd,* 101 Ga. App. 910 (115 SE2d 427).

Since, as shown above, the notice must be of an *injury* by accident, defendant's knowledge solely of the claimant's accident, in the absence of any indication that the accident had produced an injury, is not sufficient notice that the claimant had sustained an injury arising out of and in the course of her employment. Had the claimant indicated some presence of pain at the time of the accident, or even within a reasonable time thereafter, or had she not failed to tell the doctor of her accident, or even if she had informed the same senior assistant who had witnessed her accident, instead of her supervisor, that she was going to the hospital, there might have been sufficient information to put the employer on notice that the claimant's condition was in some way connected with the accident, rather than a result of disease or an accident not arising out of and in the course of her employment. It would place an undue burden upon employers to require them to investigate every minor accident which occurs on their premises, especially those wherein there is no evidence of any injury, either at the time of the accident or for a period of time as long as a month and a half later. The burden of giving notice was placed by the statute on the claimant, and it is not removed under the exception in question without proof that the employer knew, or had reasonable opportunity to know, that an accident of which he had knowledge caused an injury to the claimant, arising out of and in the course of her employment. The claimant's claim for compensation is therefore barred by her failure to give the statutory notice.

The finding of the State Board of Workmen's Compensation that the employer had such actual notice of the claimant's accident as to relieve her of the necessity of giving her employer notice under the statute is based upon an erroneous conclusion drawn from the facts and the law applicable thereto, and the superior court erred in affirming the award of compensation.

*Judgment reversed. Bell and Hall, JJ., concur.*