## 39885. EMPLOYERS INSURANCE COMPANY OF ALABAMA et al. v. GOSS.

DECIDED JANUARY 22, 1963.

*Powell, Goldstein, Frazer & Murphy, Earl J. Van Gerpen,* for plaintiffs in error.

*Briscoe & Ridgway, Thomas W. Ridgway,* contra.

HALL, Judge. This is an appeal from a superior court judgment affirming an award of the State Board of Workmen's Compensation in favor of the claimant. The evidence authorized the director's finding that the employee "jumped from a ladder while taking down a conveyor in Monroe, Georgia, when sparks from the acetylene torch that he was using set his clothes afire. That when he jumped, he landed flat-footed and injured the bottom of his feet." The medical evidence would support a finding that the employee ruptured his heel pads on this occasion. The only issue argued by the plaintiff in error, the employer, is that the evidence does not support the director's finding that "ample notice of the accident was given as required by the Workmen's Compensation Act."

*Code* § 114-303 provides in part: "No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident . . . unless it can be shown . . . that the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, had knowledge of the accident . . ."

The strongest evidence that the claimant gave the employer "notice of an injury by accident arising out of and in the course of the employment" is the claimant's testimony that "after Dr.

Jennings advised that [he] go to Dr. Freeman," an orthopedic specialist, he (the claimant) told the employer that he hurt his feet in Monroe (where claimant was working when the alleged accident occurred.) The claimant stated that this was within three weeks after the date of the accident, which occurred on June 16. There is undisputed evidence, however, that it was on July 18 (32 days after the accident) that Dr. Jennings decided to refer the claimant to Dr. Freeman, and that Dr. Freeman first saw the claimant on July 21. The claimant's conclusion that this was three weeks after the accident is contrary to the undisputed facts. It would not support a finding that the claimant gave notice within the required time; and under previous decisions a finding of notice given by the claimant of an injury by accident arising out of and in the course of the employment, cannot be upheld. *Employers Mut. Liab. Ins. Co. v. Holloway,* 98 Ga. App. 265 (105 SE2d 370); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167 (126 SE2d 465).

On the other hand, there was evidence that within 30 days after the accident the claimant made known to the employer that his feet were disabled and that he was receiving medical care. This evidence, coupled with evidence that the employer had knowledge of the accident, would authorize a finding that the employer had knowledge of an injury by accident arising out of and in the course of the employment. See Larson, Workmen's Compensation Law, Vol. 2, p. 256, § 78.31(a); accord Booth v. Carl F. McDougald, Inc. (Fla.) 116 S2d 785, 787; Santillo v. Pittsburgh Rys. Co., 181 Pa. Super. 266 (124 A2d 657). From Dr. Jennings' testimony there could be found the fact, or at least an inference, that on or before June 28, the date of the claimant's second visit to Dr. Jennings, Mr. Guice (the employer's representative) told Dr. Jennings about the accident and the employee's injury on the job. Such a statement would constitute an admission by the employer inconsistent with its contention in the present litigation and would be evidence of the employer's knowledge. *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.,* 104 Ga. App. 498 (122 SE2d 143); *Haas & Howell v. Godby,* 33 Ga. App. 218, 223 (125 SE 897); Green, The Georgia Law of Evidence, p. 519, § 233;

4 Wigmore, Evidence, 3, § 1048. Mr. Guice denied that he had any conversations with Dr. Jennings before the claimant came in the office and asked him about compensation, which Mr. Guice testified was on July 28. The director made no finding as to whether the employer had knowledge of an accidental injury. Such knowledge would make proof of other notice unnecessary. *Code* § 114-303. Accordingly, this case should be returned to the board with direction that the board resolve the conflict in the evidence by making a finding on the question of knowledge. *Employers Mut. Liab. Ins. Co. v. Holloway*, 98 Ga. App. 265, 267, supra.

*Judgment reversed with direction. Carlisle, P. J., and Bell, J., concur.*