40251. BRYANT v. J. C. DISTRIBUTORS, INC. et al.

402

DECIDED SEPTEMBER 4, 1963—
REHEARING DENIED SEPTEMBER 30, 1963.

*Grace W. Thomas,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, James H. Moore, Carpenter, Karp & Mathews, A. Tate Conyers,* contra.

HALL, Judge. ■ At the hearing there was evidence that the claimant drove a truck for Distributors to North Star, Michigan,

and during the trip, on March 16, 1960, fell from the truck and was injured. When he returned to Atlanta on March 18, 1960, he was incapacitated. His boss telephoned him on March 20 and asked him to check in with him. He told his boss he was so sick from getting hurt he had been unable to report. When he checked in on March 20 he reported to his boss that he had had a hard fall off the truck. He did not return to work, but the following day sought medical treatment and entered the hospital March 28. The claimant's wife talked with his boss and borrowed money from him while the claimant was in the hospital. The director made findings of fact that the claimant had notified the employer of the accident and injury within 30 days thereafter.

*Code* § 114-303 provides: "No compensation will be payable unless such notice . . . [to the employer] is given within 30 days after the occurrence of an accident." ". . . The notice required is notice of an injury by accident arising out of and in the course of the employment. . ." *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899). The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Exp. Agency v. Harper,* 70 Ga. App. 795, 796 (29 SE2d 434); *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257); *Employers Mut. Liab. Ins. Co. v. Holloway,* 98 Ga. App. 265 (105 SE2d 370); *Liberty Mut. Ins. Co. v. Elrod,* 102 Ga. App. 548 (116 SE2d 890); accord *New Amsterdam Cas. Co. v. Kidd,* 101 Ga. App. 910 (115 SE2d 427); *Kresge v. Holley,* 104 Ga. App. 144, 146 (121 SE2d 182); *Complete Auto Transit v. Reavis,* 105 Ga. App. 364 (124 SE2d 491); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167, 168 (126 SE2d 465). Where a finding of fact by the board on the question of adequate notice is supported by any evidence, though the evidence is in conflict, the finding is conclusive and on appeal must be affirmed by the court. *Royal Indem. Co. v. Coulter,* 213 Ga. 277, supra.

Applying the above decisions, we hold that the evidence summarized above supports a finding that the employee gave notice to the employer of an injury arising out of and in the course of

his employment which was sufficient to put the employer on notice to investigate if it saw fit to do so, within 30 days after the occurrence of his accident.

Distributors relies on *Kresge v. Holley*, 104 Ga. App. 144, supra. In that case the claimant gave no notice within the statutory period; the issue decided was whether the employer had such actual notice of the accident as to relieve the claimant of the necessity of giving notice. The employer had knowledge of the claimant's accident, but she did not complain of pain at the time of the accident and had stated that she had no injury. The court held that, while the employer had knowledge of the accident, it had no knowledge that the accident had produced an injury. The court recognized that, "had the claimant indicated some presence of pain . . . within a reasonable time" after the accident, "there might have been sufficient information to put the employer on notice that the claimant's condition was in some way connected with the accident . . ." The *Kresge* case does not require a decision in the present case, where the claimant notified the employer of the accident and of his disability thereafter, that the claimant gave no notice of *injury*.

Nor is the present case controlled by *Royal Indem. Co. v. Coulter*, 213 Ga. 277, supra. There the board found from conflicting evidence as to whether the claimant gave or the employer had sufficient notice, that the statutory requirement of notice was not complied with and denied compensation. The award was affirmed by the superior court. There being evidence to support this award, the Supreme Court reversed the judgment of the Court of Appeals reversing the judgment of the superior court. An award denying compensation was affirmed because the statutory notice requirement was not complied with in *Fountain v. Georgia Marble Co.*, 95 Ga. App. 21, 23 (96 SE2d 656), when there was evidence that the claimant had stated to the employer that he knew of no recent injury occasioned on the job.

In *Crews v. General Motors Corp.* 107 Ga. App. 592 (130 SE2d 925), ". . . the only evidence relating to the giving of notice by the employee to the employer of [the employee's] said heart attack simply disclosed that the claimant's wife, three days after the claimant had last worked for the defendant, informed the

employer through its personnel supervisor that her husband was in the hospital suffering from a heart attack. . ." Hence, "the finding of the full board that the notice provision of *Code* § 114-303 had not been complied with was fully authorized."

In *Employers Ins. Co. of Ala. v. Goss,* 107 Ga. App. 249 (129 SE2d 545), we held that evidence showing that the claimant was injured on June 16 and that 32 days thereafter claimant "told the employer that he hurt his feet in Monroe (where claimant was working when the alleged accident occurred) . . . would not support a finding that the claimant gave notice *within the required time."* (Emphasis supplied). The present decision is consistent with the decisions discussed above, as the case is different from each of them in its facts respecting the notice given by the claimant.

The trial court erred in reversing the award of the board.

■ The director's award stated that Distributors admitted that the claimant worked for it, and the claimant contended he was employed by Clark. The award ordered payment of compensation by Distributors. *Code* § 114-710 provides: "Any award of the State Board of Workmen's Compensation, provided for in section 114-707, with respect to which no application for a review thereof is filed in due time, or an award of the directors upon such review as provided in section 114-708, shall, in either event, as the case may be, and subject to the other provisions of this Title, be a final award and shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within 30 days from the date of any such final award, or within 30 days from the date of any other final order or judgment of the directors, but not thereafter, appeal from the decision in such final award or from any other final decision of said board to the superior court of the county in which the injury occurred. . . The party conceiving himself to be aggrieved may file an application in writing with the board asking for an appeal from any such order or decree, stating generally the grounds upon which such appeal is sought."

Since the claimant did not seek review by the full board or by the superior court within the time prescribed by *Code* § 114-710, the award became final insofar as it was favorable to Clark. The

claimant therefore is not entitled to a review by this court of the issue of Clark's liability. Accord *Ellis v. Almand,* 115 Ga. 333, 335 (41 SE 642) ; *Music v. Waycross Coca-Cola Bottling Co.,* 91 Ga. App 840 (87 SE2d 221).

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*

On Defendant in Error's Motion for Rehearing.

Hall, Judge. Distributors contends that the court's decision is based on facts different from the findings of fact set out by the director in the award. It is true that the director recited evidence in addition to the facts stated in the court's opinion, including a letter quoted in the award, in support of the ultimate finding that Distributors was given the required notice. This ultimate finding was based on all of the facts found by the director on this point. Whether or not Distributors' argument is sound that a finding of notice based on the letter itself would be erroneous, the evidence recited by the director exclusive of that letter was sufficient to support the ultimate finding. That the director included in her findings some evidence that was not essential does not invalidate the award.

Neither *Pacific Employer's Ins. Co. v. West,* 213 Ga. 296 (99 SE2d 89), cited by Distributors, nor any other decision we have found is contrary to this holding.

*Rehearing denied. Bell, P. J., and Pannell, J., concur.*