## 43144.   CONNECTICUT INDEMNITY COMPANY et al. v. GAUDIO.

SUBMITTED OCTOBER 5, 1967—DECIDED NOVEMBER 16, 1967.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellants.

*Rich, Bass, Kidd & Broome, Charles T. Bass,* for appellee.

DEEN, Judge. There is considerable discussion of administrative procedures by the State Board of Workmen's Compensation regarding the numbering and consolidation of the various accident reports and claims, but the sole question at issue is

whether the first agreement to pay compensation for the accident of February 4, 1960, remained viable or whether it was merged in the award of May 25, 1961. In this regard the final settlement receipt dated March 21, 1960, is of course not definitive, since the approved agreement is "a decision or judgment of the compensation board which must be complied with until it is superseded by a new award." *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581, 582 (134 SE2d 783). And see, as to a settlement receipt, *Fidelity & Cas. Co. v. King*, 104 Ga. App. 261, 264 (121 SE2d 284).

Settlement agreements are permitted by *Code Ann.* § 114-106 and lump sum settlements under *Code Ann.* § 114-417. *Code* § 110-501 provides that judgments shall be conclusive "as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered," and this Code section has been applied to workmen's compensation cases. See *Churchwell Bros. Constr. Co. v. Archie R. Briggs Constr. Co.*, 89 Ga. App. 550, 554 (80 SE2d 212). "We do not mean to hold that a change in dependency occurring subsequent to the first hearing can not be shown on a review but we do hold that all issues which were determined or which could have been adjudicated on the first hearing concerning facts as they then stood are conclusive. Any issue which could have been determined on the first hearing is res judicata." *Fishten v. Campbell Coal Co.*, 95 Ga. App. 410, 416 (98 SE2d 179). Here, after the first injury, the employee was paid for temporary total disability, acknowledged payment in full, and returned to work. Thereafter he sustained two more injuries, was paid for temporary total disability on one of them, and eventually requested a hearing as to all three. This was followed by a settlement in full which was approved by the board, following which no action was taken for over five years. The claimant is now estopped to contend that his settlement agreement referred only to the last two accidents and did not include the first, since it was a settlement of the claim which had been set for hearing at his request and in which he had included a request for hearing as to all three injuries and continuation of temporary total disability payments, and as to which the board by agreement

awarded a lump sum "in full and final payment of all compensation, medical and attorney fees due hereunder."

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*