45689.   AETNA CASUALTY & SURETY COMPANY et al.
v. NEWMAN.

QUILLIAN, Judge. The claimant received an injury which arose out of and in the course of her employment. An agreement to pay compensation was approved by the State Board of Workmen's Compensation on September 8, 1968. The employer applied for a hearing to determine if the claimant had undergone a change in condition. A hearing was held on February 6, 1969, and an award was entered on February 24, 1969, in which the deputy director reduced the claimant's compensation from total disability to partial disability and directed the employer to pay compensation at the rate of $30 per week. The employer refused to pay compensation and an application was made by the claimant to require the employer to pay compensation in accordance with the award of the deputy director. In this hearing held on July 23, 1969, the evidence before the deputy director was substantially the same as the evidence in the hearing on February 6, 1969. The deputy director in his award dated September 22, 1969, authorized the appellants to cease compensation retroactively to February 6, 1969, on the ground that appellee had refused work suitable to her physical condition at that time.

The award of the deputy director was appealed to the full board which entered an award finding that there were no new issues before the board authorizing the finding of September 22, 1969, and that all of the evidence before the board at that time was before the board prior to the award of February 24, 1969, and,

therefore, the award of February 24, 1969, was res judicata and the law of the case. The full board directed the employer to continue compensation under the award of February 24, 1969.

The award of the full board was affirmed by the superior court and the case is here for review. *Held:*

The evidence in the hearing on July 23, 1969, was substantially the same as that which was presented on February 6, 1969, which resulted in an award on February 24, 1969, by the deputy director that the claimant was to receive partial disability benefits. The award of February 24, 1969, not having been appealed, was res judicata as to whether the claimant was entitled to the workmen's compensation benefits awarded at that time. The question of whether the claimant should have been denied compensation because of her refusal to accept employment suitable to her impaired condition was another issue which was determined by the award of February 24, 1969, and was also binding on the parties as to that issue. *Miller v. Hartford Acc. &c. Co.,* 86 Ga. App. 503 (71 SE2d 782).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

SUBMITTED OCTOBER 1, 1970—DECIDED DECEMBER 1, 1970.

*Howe & Murphy, D. B. Howe, Sr.,* for appellants.
*Murphy & Murphy, Jack F. Witcher,* for appellee.