45859, 45860.   HOME INDEMNITY COMPANY et al.
v. TANKSLEY; and vice versa.

ARGUED JANUARY 5, 1971—DECIDED FEBRUARY 5, 1971—
REHEARING DENIED MARCH 8, 1971—CERT. APPLIED FOR.

436

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*Wall & Campbell, Alford Wall,* for appellee.

DEEN, Judge. 1. "The settled doctrine in construing a judgment is to give it, if possible, that construction which renders it valid rather than invalid. *Byrd v. Goodman,* 195 Ga. 621, 631 (25 SE2d 34)." *Landrum v. McGehee,* 116 Ga. App. 507 (1) (157 SE2d 830). "In a workmen's compensation case the award of compensation to the claimant is final in so far as it adjudicates that the claimant

sustained an accidental injury arising out of and in the course of his employment resulting in disability. The award also determines the extent of the claimant's disability at the time of its rendition. But since it is a matter of common knowledge devolved from human experience that physical conditions almost invariably improve or deteriorate with the passing of time, our law wisely provides that the extent of the claimant's disability is subject to periodic review." *American Employers' Ins. Co. v. Hardeman,* 91 Ga. App. 462, 465 (85 SE2d 805). The same deputy director wrote both the original award and the award on change of condition; the same full board affirmed in both instances. Although some of the language in the original award is ambiguous, the only tenable construction to be placed on it is that the claimant had a compensable accident on which medical expenses were assessed but *at that time* had no disability or loss of earnings attributable to the accident. This is borne out by the full board in a de novo proceeding (*Rose City Foods v. Usry,* 86 Ga. App. 307 (1) (71 SE2d 649)) in which it eliminated language as to lack of causal connection. The evidence amply sustained the claimant's contention that she became progressively disabled as a result of lumbosacral sprain followed by arthritis between the dates of the first and second hearing. The first award did not bar the claimant from showing that her condition did thereafter deteriorate.

2. It is true that disability to the body in a low percentile may yet result in permanent total economic disability. *Employers Liab. Assur. Corp. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681). On the other hand the board may find from facts in evidence that although the claimant is not working, the disability to work is not total. *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611). Although in that case the Supreme Court found it unnecessary to decide whether or not Wilson would be entitled to compensation for permanent partial disability under *Code Ann.* § 114-405, there appears no reason why in a proper case such an award should not be upheld. The claimant had in fact worked during a period of the time in question and there was ample medical testimony indicating that her disability to work was not total. In such a case the hearing director is not limited to a choice between no disability and total disability, but may find that the disability is

partial although the method of arriving at the amount involves a zero figure for present wages.

The judge of the superior court did not err in affirming the award of the full board.

*Judgments affirmed. Bell, C. J., and Pannell, J., concur.*