53149, 53150. CARRIERS INSURANCE COMPANY et al. v. McCONNELL; and vice versa.

DEEN, Presiding Judge.

The first change of condition hearing of McConnell's claim before the Board of Workmen's Compensation took place on December 30, 1974, with the record left open for depositions and an award published on April 24, 1975, granting total disability benefits until January 20, 1975. This award was not appealed. Thereafter a second change of condition hearing was held on October 7, 1975, and an award entered dated December 23, 1975, which states the issue to be "whether claimant was totally disabled from January 20, 1975, to May 20, 1975, as a result of his compensable March 25, 1974, injury." Compensation was awarded to the latter date, when claimant returned to work. The full board affirmed. The superior court judge on appeal affirmed in part, but found there was no evidence of disability extending beyond May 12, 1975. Both parties appeal. *Held:*

1. The main case turns on the res judicata effect of the first award. The parties are of course concluded by all issues determined therein. *Aetna Cas. &c. Co. v. Newman,*

123 Ga. App. 37 (179 SE2d 308); *Jeffares v. Travelers Ins. Co.,* 138 Ga. App. 903 (228 SE2d 1). It is "a final award and shall be conclusive and binding as to all questions of fact." Code § 114-710. Our precise question here is whether the res judicata principle applies as of the date of the hearing or the date of the award. The appellant argues that since the award was entered in April in the first hearing, the administrative judge could not find a change of condition as of the previous January in the second award. Appellee contends that the first *hearing* took place in December and this is the controlling date. To complicate matters, the case was left open for medical depositions, and it is noted that the last date dealt with in this evidence was January 20.

In *Riegel Textile Corp. v. Vinyard,* 88 Ga. App. 753 (77 SE2d 760), it was stated that the award is conclusive as of its date. *American Employers' Ins. Co. v. Hardeman,* 91 Ga. App. 462 (85 SE2d 805), held it to conclusively determine the extent of disability at the time of its rendition. In *Fishten v. Campbell Coal Co.,* 95 Ga. App. 410, 416 (98 SE2d 179) the determination was held to be conclusive up *to and at the time of the hearing. Connecticut Indem. Co. v. Gaudio,* 116 Ga. App. 672 (158 SE2d 680), quoting *Churchwell Bros. Const. Co. v. Archie R. Briggs Const. Co.,* 89 Ga. App. 550, 554 (80 SE2d 212), holds that any issue which was determined or could have been determined on the first hearing is res judicata. *Home Acc. Ins. Co. v. McNair,* 173 Ga. 566, 570 (161 SE 131), states that the board cannot make a retroactive award to become effective as of the date of the original award, and approves the rule in *South v. Indem. Ins. Co. of North America,* 39 Ga. App. 47 (146 SE 45), which case adds that "the new award can only become effective as of the time it is entered. . ."

In an attempt to reconcile these holdings, we determine that the award is res judicata as to the issues raised or which should have been raised at the hearing, and that it becomes effective as of its date. No evidence was introduced as to events after the hearing date except that of a doctor who last saw the claimant on January 20, on which date, as the administrative judge stated, he "released claimant to return to work with no restrictions

on his activities."

The evidence on the present hearing related to events occurring subsequently. On January 20 or 24 the claimant did in fact report to work. He was feeling pain and confessed as much to his supervisor who told him that while union rules forced him to return the claimant to work if he protested, "when we hire a man we employ a whole man," and that he did not want him to return to work until he was recovered. On the second hearing the doctor who had released him emphasized that he had done so on a trial basis, that he felt the decision not to rehire in January was correct and that he felt on May 12, 1975, that the claimant could return to work.

It follows that the initial change of condition award was not res judicata as to the events testified to in the subsequent hearing. The judgment in case no. 54149 is affirmed.

2. The cross appeal complains that the superior court judge should not have reversed the award as to the last eight days on a holding there was no evidence to support a finding that the claimant was not able to return to work until May 30, and fixing the date as May 12. This was the date on which the final medical release was obtained. The brief of counsel neither argues nor cites us to any evidence supporting the later date, and we accordingly treat the issues raised in the cross appeal as abandoned.

*Judgment affirmed in both cases. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 5, 1977 — DECIDED JANUARY 18, 1977.

*Dennis, Corry, Webb, Carlock & Williams, Robert C. Semler,* for appellants.

*Savell, Williams, Cox & Angel, Elmer L. Nash,* for appellee.