## 57613. AETNA CASUALTY & SURETY COMPANY et al. v. ALLSTATE INSURANCE COMPANY et al.

Carley, Judge.

On July 29, 1977, Robert Mimms, while engaged in his employment as a spray painter, fell from a scaffold and sustained severe injuries. A dispute developed between Rosing Painting and Wall Covering Contractors and Sisk Decorating Company over which was the "employer" of Mimms for workers' compensation purposes. Aetna, workers' compensation insurer for Rosing, and Allstate, insurer for Sisk, entered into an agreement whereby Aetna would begin payment of workers' compensation to Mimms and would be reimbursed in the event Allstate were eventually determined to be responsible for payment.

Shortly thereafter Aetna applied to the then State

Board of Workmen's Compensation for a hearing "to determine why the Allstate Insurance Co. is refusing to honor this claim." A hearing was duly set and held. The ostensible claimant, Mimms, made no appearance on his own behalf and was not represented by counsel. Sisk and Allstate appeared and were represented. The administrative law judge who conducted this hearing succinctly and, as all parties concede, quite correctly determined at the outset that "[t]he only question involved in this case is the question of liability, that is, who was the claimant's actual employer at the time of his injury." After consideration of the evidence including the deposition testimony of Mimms, the judge concluded that Mimms had been in the employ of Rosing at that time and awarded a claim against it and/or Aetna; the award further denied the claim against Sisk and Allstate.

Rosing and Aetna appealed this award, seeking review by the full board. Code Ann. § 114-708. Upon a de novo consideration of all the evidence, the board adopted the findings and conclusions of the administrative law judge and made his award the award of the full board.

Rosing and Aetna, again being dissatisfied with the award, appealed to the Superior Court of Rockdale County. The style of the application for appeal was as follows: "Robert L. Mimms, Claimant v. Rosing Painting & Wall Covering Contractors, Employer and Aetna Casualty & Surety Company, Insurer." However, the application for appeal was timely filed and the substantive content thereof was in compliance with the provisions of Code Ann. § 114-710. Although it does not appear that Mimms was served, service of the application for appeal was made on the attorney for Sisk and Allstate.

Sisk and Allstate moved to dismiss this appeal on the ground that "no appeal" had been filed against them within thirty days from the date of the full board's award and that, therefore, the award which denied a claim against them was final and conclusive. This motion came before the court for a hearing and was granted, the judge concluding that "said notice of appeal and application did not include [Sisk and Allstate], as defendants, and there has been no appeal entered against [Sisk and Allstate] within 30 days from the date of the award of the Full

Board. . ."

Aetna and Rosing appeal from this grant of dismissal. After careful consideration of the issues raised, we reverse.

1. "[E]ither party to the dispute may, within 30 days from the date of any such final award, . . . but not thereafter, appeal from the decision in such final award . . . to the superior court of the county in which the injury occurred, . . ." Code Ann. § 114-710. The basis is unclear for Allstate's argument that the appeal to the superior court was properly dismissed because "no appeal" had been entered against it. An appeal is not taken against a *party* to the proceeding below; Code Ann. § 114-710 establishes the procedure whereby an appeal may be taken from the decision in a workers' compensation *award*. Since the record demonstrates that Aetna's notice of appeal from the award of the full board substantially complied with the requirements of Code Ann. § 114-710, the appellate jurisdiction of the superior court was properly invoked. Arguments that "no appeal" has been entered as to this award are, therefore, unavailing.

If Allstate's argument is predicated on the fact that the style of the notice of appeal made no specific reference to it, dismissal for this reason would be erroneous. Allstate was clearly the other "party to the dispute" with regard to this award and within the meaning of Code Ann. § 114-710. And Allstate's attorney was served with the notice of appeal; this was proper service. *Fluellen v. Campbell Coal Co.,* 54 Ga. App. 355, 356 (3) (188 SE 54) (1936). That Allstate's name was not included in the caption of that notice was not grounds for dismissing the appeal. Cf. *McKinney v. Schaefer,* 117 Ga. App. 595, 596 (1) (161 SE2d 446) (1968).

If Allstate's argument is that Aetna has no *standing* to appeal from that part of the award which denied a claim against Allstate, a more difficult and a closer question is raised. For, while it is true that parties on appeal are the parties to the proceeding below, it is also true that in some instances a co-defendant has no right to object to the discharge of his co-defendant. See generally *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110) (1966); *Savannah Inn-Towner Motor Inn v. McCauley,* 149 Ga. App. 209 (2)

(1979) and cits. We are cited by Allstate to *Bryant v. J. C. Distributors,* 108 Ga. App. 401 (133 SE2d 109) (1963), arguably for the proposition that when a workers' compensation claim is filed against two employers and an award is made against one and denied as to the other, only the claimant has the right to appeal the denial of the award. *Bryant,* however, is distinguishable from the case here. There a claim was filed against two employers; an award was made as to one and against the other. The employee did not appeal the denial of his award as to the one employer but the other employer did appeal the finding of its liability to the employee. *Bryant* does not say that had the appealing employer wished to appeal the denial of an award as to the other employer it could not have done so. Furthermore, the facts of that case indicate that the appealing employer *admitted* that the claimant was its employee but contested liability on other grounds; thus there was no reason why it would have appealed the denial of an award as to the other "employer," since its disagreement was solely with the claimant. Here, however, at every stage of the proceedings on this "claim" the disagreement has been solely between the employers and insurers, the true "parties at issue," over the question of which was liable for Mimms' workers' compensation claim. At every step this has been the sole question submitted for resolution.

Also, in cases such as *Brissette, Savannah Inn-Towner* and *Bryant,* it was clear that there was a dispute not only as to who may be liable but also as to the ultimate right of the plaintiff-claimant to recover anything against anyone. Such is not the case here because both Aetna and Allstate have always conceded that the claimant has a valid workers' compensation claim against *one* of them. Since the "employers" and insurers have at all times agreed that the employee has a valid claim against one of them—the sole issue raised at each stage being which party is liable for the claim—we see no reason why, at this point, the case should be somehow converted into a disagreement between Allstate and Mimms so that Mimms and only Mimms had the right to appeal the denial of the claim as to Allstate. "[E]ither *party to the dispute* may, . . . appeal from the *decision in*

*such final award* . . . to the superior court . . ." Code Ann. § 114-710. (Emphasis supplied.) Here Aetna, a party to the dispute, appealed the decision in the final award of the full board—the decision that it, and not Allstate, was ultimately responsible for Mimms' valid workers' compensation claim.

Therefore, since the merits of the only issue raised involve only the putative employers and their carriers, and since the procedure employed was satisfactory under the circumstances, it was error for the superior court to dismiss the appeal. Accordingly, we reverse and remand for a consideration of Aetna's appeal in a manner not inconsistent with this opinion and the provisions of Code Ann. § 114-710.

2. Allstate has argued that dismissal of the appeal had the same legal effect as an affirmance of the award and that since the award was supported by competent evidence no harmful error has been shown. *City of Hapeville v. Preston,* 65 Ga. App. 835, 836 (1) (16 SE2d 774) (1941). However, in that case the appellant did not contend "that the award was not supported by competent evidence;" here, however, Aetna does so contend. Under *Georgia-Pacific Corp. v. Corbin,* 137 Ga. App. 37 (222 SE2d 862) (1975) the question raised is a close one. Therefore, we reverse and remand in order that the proper chronology of appellate review of this award may be followed.

*Judgment reversed and case remanded. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 9, 1979 — DECIDED JUNE 19, 1979.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., Donald F. Walton,* for appellants.

*Brackett, Arnall & Stephens, H. A. Stephens, Jr., H. P. Arnall, William L. Skinner,* for appellees.