# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2013

*The Court of Appeals hereby passes the following order:*

**A14D0059.  TOLER-WHISNANT v. HILLCREST FOODS, INC.**

Teresa Toler-Whisnant attempted to appeal an award of the Appellate Division of the State Board of Workers' Compensation by filing a document in the Supreme Court of Georgia, which transferred the matter to this Court.

Under OCGA § 34-9-105 (b), either party to a workers' compensation dispute has 20 days to file an appeal from a final decision of the Board "to the superior court of the county in which the injury occurred or, if the injury occurred outside the state, to the superior court of the county in which the original hearing was held, in the manner and upon the grounds provided in this Code section." The appeal "shall be filed with the board in writing stating generally the grounds upon which such appeal is sought. In the event of an appeal, the board shall, within 30 days of the filing of the notice of appeal with the board, transmit certified copies of all documents and papers in its file together with a transcript of the testimony taken and its findings of fact and decision to the clerk of the superior court to which the case is appealable, as provided in this subsection." Id.

Toler-Whisnant's application does not show that she complied with the procedures of OCGA § 34-9-105 (b) by filing her appeal with the Board so that a proper record could be forwarded to the superior court. Nonetheless, Toler-Whisnant did attempt to appeal the Board's award by filing a document in the Georgia Supreme Court.  As we held in another case involving an attempted appeal from a decision of the State Board, "improper venue does not deprive a court of subject matter jurisdiction." *Fowler v. Aetna Casualty & Surety Co.*, 159 Ga. App. 190, 192 (3) (283 SE2d 69) (1981). Rather, the Georgia Constitution requires that "[a]ny court shall

transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. 1, Par. VIII; see also *Bosma v. Gunter*, 258 Ga. 664 (373 SE2d 368) (1988) (appellant's filing of notice of appeal in the wrong court required transfer to proper court).

Because Toler-Whisnant "must have an opportunity to contest in court the award of the State Board of Workers' Compensation," *Fowler*, 159 Ga. App. at 194 (3), we TRANSFER this case to Gwinnett County Superior Court "in order that the proper chronology of appellate review of this award may be followed." *Aetna Casualty & Surety Co. v. Allstate Ins. Co.*, 150 Ga. App. 345, 349 (3) (258 SE2d 31) (1979) (reversing dismissal of workers' compensation appeal to the superior court).



Court of Appeals of the State of Georgia
      Clerk's Office, Atlanta, __10/22/2013__
      I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
      Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.